STATE OF NORTH CAROLINA v. IKE HIGGINS.

(Filed 2 March, 1966.)

**1. Indictment and Warrant § 7—**

When the affidavit is referred to in the warrant, they constitute one instrument in contemplation of law.

**2. Indictment and Warrant § 9—**

An affidavit charging defendant upon information and belief with an assault upon affiant will not be held defective, since the affiant must have had personal knowledge thereof.

**3. Indictment and Warrant § 7—**

Where the warrant discloses that the affiant was duly sworn before a competent official and is signed by such official, and the name of the affiant is set forth, the fact that the affiant does not subscribe the affidavit is not a fatal defect. G.S. 15-19.

**4. Indictment and Warrant § 9—**

The fact that a warrant for a misdemeanor uses the word "feloniously" is not a fatal defect.

**5. Assault and Battery § 14—**

Where the evidence discloses an actual physical assault made upon prosecutrix by defendant, nonsuit is properly denied, principles relating to a constructive assault being inapposite.

**6. Criminal Law § 120—**

The fact that the clerk receives the verdict of guilty as to one defendant and then the verdict of guilty as to the other before inquiring as to whether the verdict was the verdict of all, does not entitle the appealing defendant to a new trial.

**7. Criminal Law § 121—**

A motion in arrest of judgment may be allowed only for fatal defect appearing on the face of the record.

**8. Assault and Battery § 17—**

Where defendant is charged with assault on a female, he being a male over the age of 18 years, but the verdict of guilty rendered by the jury is in response to the question whether the jury found defendant guilty or not guilty to the charge of assault on a female, the verdict is a verdict of guilty of a simple assault on a female for which the punishment may not exceed a fine of $50 or imprisonment for 30 days.

**9. Criminal Law § 131—**

Where the judgment of the court is excessive and the cause remanded for proper judgment, defendant should be given credit for service of any part of the sentence so vacated.

MOORE, J., not sitting.

APPEAL by defendant from *Martin, S.J.,* October 1965 Session of BUNCOMBE.

Criminal prosecution on the following affidavit and warrant:

"IN THE POLICE COURT OF THE CITY
OF ASHEVILLE

"NORTH CAROLINA
BUNCOMBE COUNTY

"LELA JENKINS, on information and belief, maketh oath that on or about the 12th day of September 1965 in the City of Asheville, North Carolina, County of Buncombe, Ike Higgins did unlawfully and wilfully and feloniously assault, beat and wound one Lela Jenkins, she being a woman and he being a man over 18 years of age, contrary to the form and the statute in such cases made and provided and against the peace and dignity of the State. In violation of City Ordinance No. .........

(s) X (Lela Jenkins, typed).

"Sworn to and subscribed before me
this 12th day of September 1965.

(s) J. L. SLOOP
· Deputy Clerk, Police Court.

"STATE OF NORTH CAROLINA

"TO THE CHIEF OF POLICE OR ANY OTHER LAWFUL
OFFICER OF THE COUNTY OF BUNCOMBE-GREETINGS:

"You are hereby commanded to arrest the body of Ike Higgins and him safely keep so that you have him before the Judge of the Police Court at 9 o'clock a.m. of the next immediate following day, then and there to answer the above charges set forth.

(s) J. L. SLOOP
Deputy Clerk, Police Court."

This case was heard *de novo* in the superior court upon an appeal from a conviction and judgment of imprisonment for six months by the police court of the city of Asheville.

Defendant, who was represented by his attorney Robert E. Riddle, moved to quash the warrant. The motion was denied, and defendant excepted. Defendant then entered a plea of not guilty.

The State's evidence shows the following facts: On 12 September 1965 Lela Jenkins, with her two daughters, was at a public telephone booth on Broadway Avenue in the city of Asheville. Defendant Ike Higgins grabbed her arm, pulled her away from the telephone booth, and hurt her arm. Then Ike Higgins and Crawford Graham Hatcher and two girls who were with them got into a fight with Lela Jenkins's two daughters, and assaulted them.

Defendant offered no evidence. The court's charge to the jury is not in the record.

The record before us shows the following as to the verdict:

"Upon the coming in of the jury, the Clerk of the Superior Court of Buncombe County addressed the jurors as follows:

" 'Members of the Jury, have you reached your verdict? How say you as to the defendant, Ike Higgins? Do you find him guilty or not guilty as to the charge of assault on female?'
"Answer: 'Guilty'.

"Immediately thereafter, since the defendant's case was consolidated for trial with the case of STATE OF NORTH CAROLINA v. CRAWFORD GRAHAM HATCHER, Case No. 65-773, on a charge of assault with a deadly weapon, the Clerk made the following statement:

" 'How say you as to the defendant, Crawford Graham Hatcher? Do you find him guilty or not guilty as to the charge of assault with deadly weapon?'
"Answer: 'Guilty of Assault on Female.'

" 'Those are your verdicts, so say you all?'
"Answer: 'Yes.' "

From a judgment of imprisonment for 18 months, defendant Higgins appeals.

*Attorney General T. W. Bruton and Assistant Attorney General George A. Goodwyn for the State.*
*Riddle and Briggs by Robert E. Riddle for defendant appellant.*

PARKER, C.J. Defendant assigns as error the denial of his motion to quash the warrant. He contends the warrant should be quashed on three grounds: (1) "The affidavit is made upon information and belief but yet made by the person allegedly assaulted"; (2) "the affidavit is not signed by affiant but rather her name is typed therein"; and (3) the word "feloniously" is used when the offense charged is a misdemeanor.

The affidavit and warrant are in contemplation of law one, if the affidavit is referred to in the warrant, as in the instant case. *S. v. Davis,* 111 N.C. 729, 16 S.E. 540; *S. v. Sharp,* 125 N.C. 628, 34 S.E. 264; *S. v. Gupton,* 166 N.C. 257, 80 S.E. 989; *Moser v. Fulk,* 237 N.C. 302, 74 S.E. 2d 729.

Ordinarily, the affidavit, complaint or information is the initial step in procuring the issuance of a proper warrant. G.S. 15-19 re-

quires a magistrate, before issuing a warrant, to examine "the complainant and any witnesses who may be produced by him" on oath. G.S. 15-20 provides in relevant part: "If it shall appear from such examination that any criminal offense has been committed, the magistrate shall issue a proper warrant under his hand, with or without seal, reciting the accusation . . . ."

Absent controlling constitutional or statutory provisions, as to whether the requisite facts may be stated on information and belief or must be stated on positive knowledge the courts are not in harmony. 22 C.J.S. Criminal Law, § 309, p. 802; *S. v. Davie,* 62 Wis. 305, 22 N.W. 411; *Ex Parte Blake,* 155 Cal. 586, 102 P. 269.

In 22 C.J.S., *ibid,* § 309, it is said: "Thus, in some jurisdictions the complaint, affidavit, or information must state the facts on complainant's positive knowledge, and where it states them on hearsay or on information and belief it is insufficient, at least where it does not state facts showing the source of information and the grounds of belief or where it does not state such facts with definiteness. In a number of states, however, an affidavit based on information and belief is sufficient." So far as the briefs of counsel show and after a diligent search by us, this seems to be a novel question of law in this jurisdiction.

The affidavit upon which the warrant here is based sets forth the facts constituting the offense, a violation of G.S. 14-33(a), (b) (3), with such accuracy and clearness that they may be easily understood by defendant Higgins, who is to answer them, and by a police court and by a judge and jury. In *S. v. Gupton, supra,* it is said: "It is not expected nor required, in the absence of special provision to the contrary, that an affidavit or complaint should be in any particular form, or should charge the crime with the fullness or particularity necessary in an information or indictment." The affidavit here states the assault was made on affiant by defendant Higgins, and she must have known of her own knowledge the facts set forth in her affidavit. In our opinion, and we so hold, the affidavit here is sufficient.

G.S. 15-19 requires the magistrate, before issuing a warrant, to examine the complainant on oath. It does not provide that the signature of affiant is necessary to the validity of the complaint or affidavit. In respect to such a complaint or affidavit, this is stated in 22 C.J.S., Criminal Law, § 308, p. 801: "In some jurisdictions the signature of affiant is not necessary to the validity of a complaint or affidavit, provided the name of affiant appears, it being only necessary that he should swear to the contents thereof. In other jurisdictions it must be signed at the bottom so as to authenti-

cate the whole complaint . . . ." C.J.S. cites no North Carolina case in support of this statement.

This is said in 2 C.J.S., Affidavits, § 20: "However, according to the majority of authorities, in the absence of statute or rule of court to the contrary, a signature is not essential where the identity of affiant as such is otherwise sufficiently shown, as where he is named in the jurat or where the affidavit commences with his name. . . ." In 3 Am. Jur. 2d, Affidavits, § 15, it is stated: "In the absence of a statute or rule of court to the contrary, it is not necessary to the validity of an affidavit that it have the signature of the affiant subscribed thereto, although all the authorities and general custom recommend, as the better practice, that it be signed by the affiant."

G.S. 1-145 provides that the verification of pleadings must be by affidavit, but it does not specifically in terms or specifically require that it shall be subscribed by the affiant. In reference to The Code, § 258, which is now G.S. 1-145, the Court held in *Alford v. McCormac*, 90 N.C. 151, that an affiant is not required by our statute to subscribe the affidavit. It is sufficient if the oath be administered by one authorized to administer oaths. As far back as 1790 there was before the superior courts of North Carolina the case of *S. v. Ransome*, 2 N.C. (1 Hay) 1. The opinion of the Court delivered by Williams, J., is as follows: "A man may as well be indicted on an affidavit not signed as if it was signed. The signing is only for the sake of evidence, to prevent one man being mistaken for another; and it shows, also, that it was done with deliberation."

In the instant case the name of the affiant, Lela Jenkins, appears twice in the affidavit, and beneath her typed name appears these words: "Sworn to and subscribed before me this 12th day of September 1965. (s) J. L. SLOOP, Deputy Clerk, Police Court." Since G.S. 15-19 does not require that the signature of the affiant be subscribed to the affidavit, and since we have no rule of court or constitutional requirement to the contrary, we hold that the signature of affiant at the bottom of the affidavit is not necessary to the validity of the affidavit in the instant case, though it is the better practice that such an affidavit be signed by the affiant.

The use of the word "feloniously" in the affidavit is surplusage, and will be so treated. Its use was not necessary in charging the commission of a misdemeanor. *S. v. Hobbs,* 216 N.C. 14, 3 S.E. 2d 431; *S. v. Shine,* 149 N.C. 480, 62 S.E. 1080; *S. v. Edwards,* 90 N.C. 710.

The court properly denied defendant's motion to quash the warrant, and his assignment of error thereto is overruled.

There is no merit in defendant's assignment of error that the court erred in denying his motion for judgment of compulsory non-

suit, and this assignment of error is overruled. *S. v. Gooding,* 196 N.C. 710, 146 S.E. 806.

Defendant's assignment of error that a verdict in the instant case was improperly taken and that the court erred in failing to set it aside is without merit, and is overruled.

Defendant's assignment of error to the denial of his motion to arrest judgment is overruled. "A motion in arrest of judgment is one made after verdict and to prevent entry of judgment, and is based upon the insufficiency of the indictment or some other fatal defect appearing on the face of the record." *S. v. McCollum,* 216 N.C. 737, 6 S.E. 2d 503.

The warrant charged defendant was "a man over 18 years of age." The State's evidence does not show defendant's age. Defendant offered no evidence. The verdict of the jury was that defendant was guilty of assault on a female.

In *S. v. Courtney,* 248 N.C. 447, 103 S.E. 2d 861, defendant testified he was 19 years old. The majority opinion states:

> "Whether defendant was over 18 years of age is a collateral matter, wholly independent of defendant's guilt or innocence in respect of the assault charged; and it would seem appropriate, as pointed out by Walker, J., in *S. v. Smith, supra* [157 N.C. 578, 72 S.E. 853], that this be determined 'under a special issue.' Unless the necessity therefor is eliminated by defendant's admission, this issue must be resolved by a jury, not by the court. *S. v. Lefler, supra* [202 N.C. 700, 163 S.E. 873]; *S. v. Grimes,* 226 N.C. 523, 39 S.E. 2d 394; *S. v. Terry,* 236 N.C. 222, 72 S.E. 2d 423. And, upon the trial of such issue, the presumption that defendant was over 18 years of age at the time of the alleged assault is evidence for consideration by the jury. *S. v. Lefler, supra; S. v. Lewis, supra* [224 N.C. 774, 32 S.E. 2d 334]; *S. v. Grimes, supra.*"

The jury's verdict has not found defendant guilty of an assault on a female, he being a male person over 18 years of age, a violation of G.S. 14-33(a), (b)(3). The jury's verdict has found defendant guilty of a simple assault on a female for which the punishment, under the provisions of G.S. 14-33(b), cannot "exceed a fine of fifty dollars ($50.00) or imprisonment for thirty days." Therefore, the jury's verdict will not support a judgment of imprisonment for 18 months.

We find no error in the trial below, except the judgment of imprisonment for 18 months. The judgment of imprisonment for 18 months is vacated, and the case is remanded to the lower court where a proper judgment within the limits prescribed by G.S. 14-

33(b) shall be entered. It would seem from the record that defendant is at liberty on bail, but if he has served any part of the sentence of imprisonment for 18 months, the Superior Court of Buncombe County in pronouncing sentence shall allow defendant credit for the time he has served in the execution of the sentence hereby vacated. *S. v. Stewart*, 255 N.C. 571, 122 S.E. 2d 355; *S. v. Alston*, 264 N.C. 398, 141 S.E. 2d 793.

Remanded for proper judgment.

MOORE, J., not sitting.