COMMONWEALTH *vs.* DAVID YOUNG, JR. December 8, 1978. None of the assignments of error now argued on appeal (see *Commonwealth* v. *Watkins*, 375 Mass. 472, 474 n.2 [1978]) warrants reversal of the judgment of conviction. 1. It is the settled rule in this Commonwealth that,

in the absence of constitutional requirements, severance rests in the sound discretion of the trial judge. *Commonwealth* v. *Jervis*, 368 Mass. 638, 645 (1975), and cases cited. *Commonwealth* v. *Drew*, 4 Mass. App. Ct. 30, 33 (1976). There was no abuse of that discretion in this instance. See *Commonwealth* v. *Rosenthal*, 211 Mass. 50, 54 (1912). The only aspect of the defendant's argument in this regard which has any persuasive force is that "substantial rights of the defendant were prejudiced by joint trial" of the indictments because of the great disparity in the "seriousness [of the offenses] and severity of [the potential] punishment." Compare *Commonwealth* v. *Iannello*, 344 Mass. 723, 727 (1962). The defendant relies principally on *Commonwealth* v. *Blow*, 362 Mass. 196, 200 (1972), to support his contention of substantial prejudice. That case is, however, distinguishable on its facts (compare *id.* at 200-201) and, as the Commonwealth points out, it was clear in *Blow* that joinder of the indictments was impermissible under "the standard enunciated in [*Commonwealth* v.] *Rosenthal,* [*supra*]." Moreover, all the evidence adduced in connection with the present indictment (i.e., assault and battery by means of a dangerous weapon) was material to the more serious indictments (i.e., murder in the first degree). See *Commonwealth* v. *Cruz*, 373 Mass. 676, 690-691 (1977), and cases cited. 2. The judge properly denied the defendant's motion to suppress evidence seized in the basement of the building in which he resided in an apartment leased to his mother. The officer's failure to sign the affidavit submitted in support of the application for the search warrant did not render the affidavit invalid. *State* v. *Higgins*, 266 N.C. 589, 593 (1966). Cf. *Commonwealth* v. *Hanscom*, 2 Mass. App. Ct. 840 (1974), and cases cited. Officer McNamara testified that he typed his name at the beginning of the affidavit and then took it to the clerk's office where it was read by the clerk. The search warrant was issued upon the facts sworn to in the affidavit. "It is the oath that solemnizes and verifies. If the affiant is sufficiently identified in the body of the affidavit or in the jurat, his signature is not essential." *Huff* v. *Commonwealth*, 213 Va. 710, 712 (1973). The case of *Commonwealth* v. *Dozier*, 5 Mass. App. Ct. 865 (1977), is not to the contrary. There the court held that a document purporting to be an affidavit was inadequate as a basis for a search warrant because the jurat had not been signed. Without a signed jurat it could not be determined from the face of the document whether it had been sworn to before an appropriate official, as required by G. L. c. 276, § 2B, as amended by St. 1965, c. 384. In the present case, however, even without the affiant's signature at the bottom of the document, "his identity was clear from other parts of the affidavit" (*Commonwealth* v. *Dozier, supra*). The defendant argues that even if the warrant was valid, the passage by the officers through the first floor apartment leased to the defendant's mother constituted an initial illegality which tainted the entire search because the warrant referred only to the basement. We do not agree. The Fourth Amendment prohibits only unreasonable searches and seizures. The warrant was quite particular as to the area which the officers were authorized to search. "[W]arrants and affidavits in support of them must be tested in a commonsense and realistic fashion." *Commonwealth* v. *Saville*, 353 Mass. 458, 461 (1968), quoting *United States* v. *Ventresca*, 380 U.S. 102, 108 (1965). Testimony adduced at the hearing on the motion to suppress reveals that access to the basement of the premises described in the affidavit could only be obtained by passing through one of the apartments in the building or

by entering through a back door that was kept locked and barricaded. By seeking passage through the apartment of the defendant's mother the officers executed the warrant in the most reasonable and common-sense manner available. 3. The defendant's final argument is that the judge erred in admitting in evidence certain photographs, all but one of which were sexually explicit. All the objections the defendant raises to this group of photographs are fully covered by the opinion of the Supreme Judicial Court in *Commonwealth* v. *Bys*, 370 Mass. 350, 358-361 (1976). Although it is a close question whether these particular photographs should have been admitted in evidence it cannot be said that they were not relevant, as they tended to corroborate a material aspect of the victim's testiony, i.e., that he had been invited to the basement area (where the alleged attack took place) to see "some pictures." The other photograph admitted in evidence depicted the defendant and a small child, each holding a handgun. It might have been better to exclude this photograph, as well as the others, but in light of the extensive cautionary instructions of the judge (*Commonwealth* v. *Russell*, 2 Mass. App. Ct. 293, 297-298 [1974]), we cannot say that there was error in this regard.

*Judgment affirmed.*

*Norman S. Zalkind & Kimberly Homan* for the defendant.

*Frances M. Burns*, Assistant District Attorney (*Robert J. Schilling*, Special Assistant District Attorney, with her) for the Commonwealth.