378 So.2d 411 (1979)
STATE of Louisiana
v.
Lomax ROUBION and Elleaner Eveque.
No. 65054.
Supreme Court of Louisiana.
December 13, 1979.
John M. Lawrence, Numa V. Bertel, Jr., Orleans Indigent Defender Program, New Orleans, for defendants-respondents.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Robert T. Myers, Asst. Dist. Atty., for plaintiff-relator.
*412 Loyola Law School Clinic, Arthur A. Lemann, III, New Orleans, for Elleaner Eveque, defendant-respondent.
DENNIS, Justice.[*]
In this review of a trial judge's suppression of criminal evidence we are called upon to decide whether a search warrant may issue upon probable cause established by a written statement of facts, sworn to before the issuing magistrate, but unintentionally not signed by the would-be affiant who was identified in the affidavit and known to the magistrate. We reverse the ruling of the trial court and remand for further proceedings. The exclusionary rule does not require the suppression of search warrant evidence obtained through an affidavit whose only defect is the affiant's unintentional failure to affix his signature, if the affiant is sufficiently identified in the affidavit and known to the issuing magistrate.
A New Orleans police officer applied to a criminal district court commissioner for a warrant to search defendant Lomax Roubion's apartment for a pistol, knife, hacksaw and bloody cloth articles involved in a homicide. The officer was identified in the affidavit by name and job title. He was also well known to the commissioner, who had seen him in court many times. In support of his application the officer submitted an unsigned affidavit which, in relevant part, recited that:
"* * * Molly Woods, 2734 Bienville Street arrived in the Homicide Unit Office and stated she wished to give information relative to the murder of an unknown negro male which occurred on Wednesday, 12-13-78, at approximately 8:30 p. m., on Paris Road approximately ½ mile south of the I-10. Woods gave a typewritten statement to the effect that on Saturday, 12-16-78, in the evening hours, Ellenear Eveque, negro female, 25 last known address 640 North Rochablave and a negro male known only as Mohammod, 40 years of age, residing at 2832 Bell Street apartment D came to Woods residence and requested that Woods keep Eveque's daughter due to the fact that Eveque and Mohammod had to get out of New Orleans. Woods was further informed by Eveque and Mohammod that they had received information that the police were seeking them for the murder of a negro male by the name of Herman, 25 years of age, whom Eveque had dated in the past. Eveque and Mohammod then went into detail telling Woods of how they had planned and later killed the negro male who they referred to as Herman at 2832 Bell Street apartment D, Mohammod's apartment. . The negro male had been placed in a metal box, and burned. The cause of death had been numerous stab wounds to the back, and a gunshot wound to the head. Prior to the murder, Eveque had borrowed a metal trunk from Woods for the purpose of moving clothes. Woods description of the trunk in which the unidentified negro male had been burned fit the description of the trunk which Eveque had borrowed from Woods. * *"
The unsigned affidavit was presented to the commissioner in open court, and the officer informed the commissioner under oath that the facts stating the cause for issuance were true. After questioning the officer about some of the facts, the commissioner issued the warrant.
In executing the warrant the officer entered the premises and seized the following items: one hacksaw; one piece of blood soaked carpet; one piece of blood soaked padding from under carpet; one spent pellet; one calendar; two scrub brushes from electric scrubber; one plastic bottle with attached; a pack of hacksaw blades.
Defendants moved to suppress these items. At the motion to suppress hearing the testimony of the officers and the commissioner established beyond question that prior to the issuance of the warrant the officer appeared before the commissioner in open court presented the affidavit and stated under oath that the facts therein were *413 true. This occurred during other court proceedings and, because of the officer's concern that he not impose unduly on the commissioner's time, he simply forgot to sign the affidavit. The district court sustained defendants' motion to suppress because the search warrant affidavit was not signed by the officer. We granted the state's application for certiorari to consider whether, under the circumstances of this case, the officer's failure to sign the affidavit constitutes a fatal flaw in the search warrant procedure.
We hold that the unintentional absence of a search warrant applicant's signature does not render an attempted affidavit ineffective when he complies with every other statutory requisite by attesting under oath to the facts establishing probable cause, if the purported written affidavit identifies the officer as the affiant, and if the issuing magistrate knows the officer and is certain of his identity.
To insure that "[n]o [search] warrant shall issue without probable cause, supported by oath or affirmation," La.Const. art. 1, § 5, the legislature has provided that "[a] search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person. ..." La.C.Cr.P. art. 162. This Court has declared that the mere existence of probable cause will not validate a search pursuant to a warrant unless the facts and circumstances which comprise the probable cause are contained in a written affidavit and presented to a judge, because the legislature has determined that "[i]t would prejudice the rights of the defendant too substantially for the prosecution to be able to rely on the [imperfect] memory of the issuing magistrate ... to establish the facts upon which probable cause is based for the warrant's issuance." State v. Case, 363 So.2d 486 (La.1978).
Thus, it is clear that the exclusionary rule will not permit the introduction of evidence obtained from a warranted search unless the warrant is issued upon probable cause shown by a statement or declaration reduced to writing, and sworn to or affirmed before some officer who has authority to administer an oath or affirmation. State v. Case, supra; cf. La.C.Cr.P. art. 385, Official Revision Comment (a). We do not think that the legislature intended, however, that the unintentional neglect of a search warrant applicant to affix his signature to the affidavit should invalidate the warrant issued thereupon in a case where there is no question as to the identity of the applicant and every other statutory and constitutional requisite has been met. Nor do we feel that the exclusionary rule prohibits the introduction of evidence obtained as a result of such a warrant. All of the safeguards necessary to protect a citizen from an unreasonable search or seizure have been invoked when a search warrant applicant, both known to the magistrate and identified in the affidavit, appears before a judge with a statement reduced to writing that establishes probable cause and swears or affirms that the facts recited are true. In a case in which the judge knows the applicant, the applicant is named in the purported affidavit and there is no question as to the applicant's identity, no greater protection against unreasonable searches would be afforded by excluding evidence gained from such an application because of the applicant's unintentional failure to affix his signature to the document.
The defendants argue that Article 385 of the Code of Criminal Procedure, which provides that "[a]n affidavit is a written accusation of crime made under oath and signed by the affiant," supplies the definition of the "affidavit of a credible person, reciting facts establishing the cause for issuance of [a search] warrant" required by Article 162. It is clear, however, that the redactors intended by Article 385 to define an affidavit only for the purpose of instituting certain types of criminal prosecutions. See La.C. Cr.P. arts. 382, 385. This is not to say that the legislature intended for search warrants to be freely issued on the basis of unsigned statements of facts. We think that the lawmakers probably assumed that the practice of having affiants sign written search warrant affidavits would continue, although it is not expressly provided for in *414 Article 162. Nevertheless, the failure of the Code of Criminal Procedure explicitly to make such a requirement in connection with search warrants indicates that a signature is not absolutely sacramental for this purpose as it is in the case of the affidavit by which a prosecution for a criminal offense is instituted. Accordingly, we find no legislative intention to exclude evidence derived from a search warrant because of the very limited imperfection in the procedure for issuance of a warrant disclosed by the case at bar.
Several state courts have held that, in the absence of a statute or rule to the contrary, an affiant's signature is not essential, if he is sworn in the presence of the magistrate and is sufficiently identified in the body of the affidavit or in the jurat. Huff v. Commonwealth, 213 Va. 710, 194 S.E.2d 690 (1973); State v. Higgins, 266 N.C. 589, 146 S.E.2d 681 (1966); see 3 Am.Jur.2d Affidavits, § 15 (1962); 2A C.J.S. Affidavits § 36 (1972); but see contra: Land Clearance for Redevelopment Auth. v. Zitko, 386 S.W.2d 69 (Mo.1965); State v. Barnett, 136 Ga.App. 122, 220 S.E.2d 730 (1975). In our holding in the case at bar, we give qualified approval to this rule. We hold that the affiant's signature is not essential if he failed to sign unintentionally, he was sufficiently identified in the affidavit, he was sworn by and known to the issuing magistrate, and he attested under oath to the facts recited in the affidavit.
The trial judge did not consider the defendants' challenge to the substantive sufficiency of the affidavit. Accordingly, we do not pass judgment on this issue.
For the reasons assigned, the ruling of the trial judge suppressing the evidence is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.
SUPPRESSION OF EVIDENCE REVERSED. REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[*] The Honorable Jesse N. Stone, Jr. participated in this decision as an Associate Justice, ad hoc.