Fred VANCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-87-00461-CR.

Court of Appeals of Texas,
San Antonio.

Sept. 28, 1988.

Ronald P. Guyer, McDonald & Guyer, San Antonio, for appellant.

Sean K. Proctor, Asst. Dist. Atty., Seguin, for appellee.

Before CADENA, C.J., and REEVES and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for the offense of possession of methamphetamine. The jury found the appellant guilty and assessed his punishment at 25 years' confinement and a fine of $10,000.00.

San Antonio narcotics detective Jack Wright received information from an informant that the appellant Fred Milton Vance was in possession of methamphetamine at a location in the adjoining county, Guadalupe County. He prepared a complaint for a search warrant which he presented to Guadalupe County Judge James E. Sagebiel. Detective Wright swore to the complaint before Judge Sagebiel but neglected to sign it. Judge Sagebiel issued the search warrant which resulted in the seizure of the controlled substance forming the basis of the evidence on which the appellant was convicted.[1]

The appellant and the State agree that with respect to a case where a search warrant is issued where the affiant swore to but neglected to sign the affidavit, this is a case of first impression in Texas.

The appellant attacks the search warrant in four points of error. Point of error one contends that the trial court erred in admitting evidence obtained under the search warrant because a sworn affidavit was not filed supporting the warrant. This is based on that portion of TEX.CODE CRIM. PROC.ANN. art. 18.01(b) that states, "A

1. The complaint or affidavit for the search warrant is as follows:

THE STATE OF TEXAS)
COUNTY OF BEXAR)

BEFORE ME, the undersigned authority, a Magistrate, GUADALUPE County, Texas, on this day personally appeared JACK WRIGHT who is a San Antonio Police Dept detective, who being by me duly sworn, upon oath, deposes and says:

That he has good reason to believe and does believe that a certain place in GUADALUPE County, Texas described as an aluminum colored metal building with a slanted shed roof, located on a fenced lot, which is located at and known as and numbered as Rt 3 Box 183 Cibilo, Texas and being on FM 1103 approx. 2 tenths of a mile east of IH 35N, with a mail box on FM 1103 with the name F. Vance on it and any and all outhouses, garages, edifices, structures, and openings and enclosures thereto and any and all vehicles found parked on the property In GUADALUPE County, Texas, and being the premises under the control and in charge of FRED VANCE is a place where a controlled substance, *to wit:* METHAMPHETAMINE is unlawfully possessed in violation of the Texas Controlled Substances Act, and that such belief of the affiant is founded upon the following information:

Affiant did on the 27th day of March 1986 receive information from a credible and reliable person who on previous occassions [sic] has given affiant information regarding the trafficking in controlled substances which has proven to be true and correct, but whose identity cannot be revealed for security reasons, that said credible and reliable person did within the past 24 hours see a controlled substance, to wit; methamphetamine unlawfully possessed by the aforesaid Fred Vance at the above described location and he asks that a warrant be issued to search the above described premises for the above described controlled substance, *to wit:* methamphetamine and to arrest each of the above described persons and any other parties found on said premises or making their escape therefrom, where said parties are found to be in possession of the above described controlled substance or any other controlled substance in violation of the Texas Controlled Substances Act.

_____ OFFICER

SUBSCRIBED AND SWORN to before me on 27th day of March, A.D., 1986, at 11:42 A.M.

/S/ James E. Sagebiel County Judge  ·
Magistrate, GUADALUPE COUNTY, TEXAS

sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested. The affidavit is public information if executed."

■ Under this point of error appellant makes several subordinate arguments. He first cautions the Court that in determining the legal adequacy of an affidavit in support of a search warrant the document is to be reviewed within its four corners. *Doescher v. State,* 578 S.W.2d 385, 387 (Tex.Crim.App.1978). The "four corners" doctrine gives us guidance more particularly in determining the sufficiency of the probable cause evidence set out in the affidavit to justify the issuance of the search warrant. The "four corners" doctrine does not apply to the *jurat* beneath the affidavit. When the *jurat* on its face is defective, the fact that it was properly sworn to may be shown by other evidence. *King v. State,* 167 Tex.Crim. 440, 320 S.W.2d 677, 678 (1959).[2]

■ The appellant also argues very generally that there was a violation of the Fourth Amendment to the United States Constitution[3] and art. I, § 9, Texas Constitution. The Fourth Amendment says that "... no warrant shall issue but upon probable cause, supported by oath or affirmation ..." and art. I, § 9 of the Texas Constitution says that no search warrant "shall issue without ... probable cause, supported by oath or affirmation." There is no apparent state or federal constitutional error since the evidence of probable cause here was in fact supported by oath.

Our determination of harmful error must rise or fall on a violation of art. 18.01(b) and its requirement for a "sworn affidavit." Appellant's position is that to be an affidavit the document must be sworn to and signed. He offers numerous authority for the proposition that swearing to the statement is essential to its validity as an affidavit. We, of course, agree, but this is irrelevant in view of the fact that it is undisputed that the affidavit was sworn to.

The only authority offered on the absolute necessity of the signature is old TEX. REV.CIV.STAT.ANN. art. 23, § 18, which was *repealed* effective September, 1985, and cases interpreting that statute. Interpretations of a repealed civil statute are only marginally persuasive in interpreting a section of the Code of Criminal Procedure.

Our sister States who have passed on this identical question have uniformly held in well-reasoned opinions that the actual signature is not essential. *State v. Roubion,* 378 So.2d 411, 413 (La.1979); *Commonwealth v. Young,* 6 Mass.App. 953, 383 N.E.2d 515, 517 (1978); *State v. Higgins,* 266 N.C. 589, 146 S.E.2d 681, 684 (1966); *Huff v. Commonwealth,* 213 Va. 710, 194 S.E.2d 690, 692 (1973).

■ Nothing in the United States Constitution or the statutes or Constitution of the State of Texas requires an affiant to sign his name to a search warrant affidavit. It is the oath of the affiant that solemnizes his affidavit. If the affiant is sufficiently identified in the body of the affidavit or in the *jurat,* his signature is not necessary to the validity of the affidavit. Custom dictates that the far better practice, of course, is that it be signed by the affiant.[4]

The first point of error is overruled.

In the second point of error the appellant complains that the search warrant was issued without probable cause in that it

---

**2.** It was not disputed at either the hearing on the motion to suppress the fruits of the search warrant or during the trial that the affidavit was sworn to by Detective Wright in the presence of the magistrate but was not signed by the officer.

**3.** Both appellant and State discuss the possible application of the exception to the Fourth Amendment announced in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), i.e., officers acting in reasonable reliance on a search warrant issued by a de-

tached and neutral magistrate but ultimately found to be unsupported by probable cause. We do not consider the exception here since the warrant was based on probable cause.

The adaptation of this exception in Art. 38.-23(b) TEX.CODE CRIM.PROC.ANN. is only applicable to evidence obtained after Sept. 1, 1987. The search here was March 27, 1986.

**4.** *See* 3 AM.JUR.2d *Affidavits* § 15 and cases collected there.

lacked the necessary indicia of reliability of the informant. This is based on the fact that the language of the affidavit is the same as has been seen in many previous affidavits and therefore should be suspect by the court.

■ The use of a form or model affidavit for all situations is a practice that has been condemned, but it would not necessarily result in the warrant being invalidated. *Brown v. State*, 437 S.W.2d 828, 829 (Tex. Crim.App.1968), *cert. denied*, 393 U.S. 1089, 89 S.Ct. 850, 21 L.Ed.2d 782 (1969). Here the facts alleged in the affidavit comport with the testimony of the officer as to what information he possessed with reference to the premises and how he acquired the information. The second point of error is overruled.

■ In the third point of error the appellant contends that there was no showing that the informant was reliable and credible. It is appropriate to establish the credibility of an unnamed informant by stating in the affidavit that the informant has given information on previous occasions and such information has proven to be true and correct. *Hegdal v. State*, 488 S.W.2d 782, 785 (Tex.Crim.App.1972). The third point of error is overruled.

■ The fourth point of error contends that the search warrant was invalid because it was directed to officers of an improper county.

The warrant was prepared on a printed form designed for use in San Antonio, Bexar County, Texas. Detective Wright, who prepared the warrant, endeavored to alter the form so that it could be used in Guadalupe County. He did this by typing x's through printed references to Bexar County and the City of San Antonio and typing, as an interlineation, Guadalupe County. He neglected to alter that line near the top of the warrant that stated "TO THE SHERIFF OR ANY PEACE OFFICER OF BEXAR COUNTY:", though he changed "Bexar County" to "Guadalupe County" in three places on the warrant. The printed portion of the body of the warrant contains the directive "You are hereby commanded

to enter immediately and search the above described premises ..."

The warrant was actually executed by two members of the Guadalupe County Sheriff's Office and three San Antonio police officers. Proper return was made on the warrant stating the manner in which it had been executed, all in compliance with TEX.CODE CRIM.PROC.ANN. arts. 18.06, 18.08, 18.09 and 18.10. Considering the entire warrant and the accompanying affidavit incorporated by reference therein, we believe the failure to substitute the word Guadalupe County for Bexar County at the top of the warrant was not such a fatal defect that it contributed to either the conviction or the punishment of the appellant. *Barnes v. State*, 504 S.W.2d 450, 453 (Tex. Crim.App.1974), TEX.R.APP.P. 81(b)(2). The fourth point of error is overruled.

The last point of error complains that the trial court impermissibly limited the appellant's right of cross-examination of Detective Wright as to the identity of the informant. The courts have long recognized the importance to law enforcement of protecting the identity of informers and have only required disclosure under narrowly defined circumstances. *See Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The appellant does not contend that he was able to bring himself within any of the exceptions set out in *Roviaro* and its progeny. The point of error is overruled.

The judgment of conviction is affirmed.

CADENA, C.J., dissents with opinion.

CADENA, Chief Justice, dissenting.

I would hold that the search warrant was insufficient to authorize the search which led to the discovery of the evidence on which appellant's conviction was clearly based.

There is no quarrel with the conclusion that there was compliance with TEX.CODE CRIM.PROC.ANN. arts. 18.00, 18.06, 18.08, and 18.09 (Vernon 1979 and Supp.1988). But all such articles are irrelevant since appellant's complaint does not rest on any alleged failure to comply with those arti-

cles of our Code of Criminal Procedure. Appellant bases his challenge to the validity of the warrant is based solely and expressly on the fact that the warrant does not comply with the requirements of article 18.04, which provides that a search warrant is sufficient "if it contains the following requisites":

(1) that it run in the name of "The State of Texas";

(2) that it identify, as near as may be, that which is to be seized and name or describe, as near as may be, the person, place, or thing to be searched;

(3) that it command any peace officer of the proper county to search forthwith the person, place, or thing named; and

(4) that it be dated and signed by the magistrate.

*Id.* at art. 18.04.

The statutory language is clear. The warrant shall be sufficient if it contains the "following requisites." The "following requisites" are four in number. There is no basis for changing statutory language to provide that a warrant is sufficient "if it contains any three of the following requisites" or "if it contains the following requisites except that which commands any peace officer of the proper county to search forthwith the person, place, or thing named." [1]

The fact that the printed portion of the warrant contains the directive, "You are hereby commanded to enter ... and search the above described premises. ...," is completely irrelevant. It cannot be seriously argued that this directive somehow supports the conclusion that a warrant commanding "THE SHERIFF OR ANY PEACE OFFICER OF BEXAR COUNTY" does not in fact command the sheriff or any peace officer of Bexar County to enter and search the described premises. There is only one possible antecedent for the pronoun "you," and that is "the sheriff or any peace officer of Bexar County." No other possible antecedent exists. The command

is simply not directed to any other sheriff or peace officer.

A consideration of the entire warrant and the accompanying affidavit is of no help. The sole reference in the affidavit to any peace officer is found in the portion which identifies the affiant as "JACK WRIGHT who is a San Antonio Police Dept. detective." San Antonio, of course, is the county seat of Bexar County. In fact, a consideration of the entire warrant and affidavit compels the conclusion that whenever the words "Bexar County" were not intended to be included, no difficulty whatever was encountered in striking out such words and substituting "Guadalupe County." There can be no doubt that that the warrant commanded that the search be by a Bexar County peace officer.

The suggestion that the failure to substitute "Guadalupe County" for "Bexar County" at the top of the warrant was not such a fatal defect that it contributed to either the conviction or the punishment of the appellant is not easily understood. If the defect rendered the warrant invalid, the evidence on which the conviction was based was illegally obtained. The introduction of illegally obtained evidence clearly contributed to appellant's conviction.

A search warrant which fails to comply with the requirements of article 18.04 in that it does not adequately describe the premises to be searched is invalid and the admission of evidence obtained under such warrant is error. *Miller v. State*, 134 Tex. Crim. 118, 114 S.W.2d 244, 246 (1938). The same is true of a failure to comply with the requirement that the warrant be dated and signed by the magistrate. *Glenniwinkel v. State*, 114 Tex.Crim. 188, 21 S.W.2d 514, 515 (1929); *Miller v. State*, 703 S.W.2d 352, 354 (Tex.App.—Corpus Christi 1985, pet. ref'd). Where a statute names four requirements and identical language is used in naming such requirements, no reasonable basis supports a holding that some of

---

1. If proper county has any meaning, it must be that county in which the premises to be searched is located.

the "requisites" must be complied with while others may be simply ignored.