Affirmed and Majority and Concurring Memorandum Opinions filed September
13, 2005









 

Affirmed and Majority and Concurring Memorandum Opinions filed
September 13, 2005.

 

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00328-CR

____________

 

FREDDIE JAMES
SMITH,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th
District Court

Harris County, Texas

Trial Court Cause No. 953,389

 



 

M A J O R I T Y   M E M O R A N D U M   O P I N I O N

In two points of error, appellant Freddie
Smith challenges a conviction for possession of a firearm by a felon[1]
on the basis that the trial court erred in denying his motion to suppress
evidence obtained with a search warrant (the Awarrant@) because the
warrant: (1) was based on an unsigned affidavit; and (2) the facts set forth in
the affidavit were stale and otherwise failed to establish probable cause.  We affirm.








                                   SWORN
AFFIDAVIT REQUIREMENT      

A sworn affidavit setting forth
substantial facts establishing probable cause must be filed in every instance
in which a search warrant is requested.  Tex. Code Crim. Proc. Ann. art.
18.01(b) (Vernon 2005).  Evidence
obtained in violation of this article may not be admitted into evidence in a
criminal trial unless the law enforcement officer was acting in objective good
faith reliance upon a warrant issued by a neutral magistrate based on probable
cause.  See id. arts.
38.23(a),(b). 

In appellant=s first point of error, he argues that the trial court abused
its discretion in denying the motion to suppress evidence because the search
warrant was, inter alia, unsigned. 
It is undisputed by any party that the affidavit was not signed prior to
the search and subsequent arrest of appellant. 
Appellant argues that this court should follow the reasoning of the Waco
Court of Appeals in determining that the Aplain meaning@ of the phrase Asworn affidavit@ should be used.  Hunter v. State, 92 S.W.3d 596, 601
(Tex. App.CWaco 2002, pet. ref=d). 


In Hunter, the Waco court applied a civil
statute, section 312.011(1) of
the Government Code, to help define the plain meaning of the term Asworn affidavit.@ 
Tex. Gov=t Code Ann. ' 312.011(1); Hunter, 92 S.W.3d
at 602.  The court concluded that the
term Arequires a writing signed by the
affiant, sworn to before an officer authorized to administer oaths, and
officially certified to by the officer under his seal of office.@ 
Id.  The court then
determined that an unsigned affidavit was not issued in accordance with the Asworn-affidavit@ requirement of article 18.01(b) of
the Code of Criminal Procedure and therefore could not be used legally in a
search without the help of the Agood-faith@ exception of article 38.23(b).  Tex.
Code Crim. Proc. Ann. arts. 18.01(b), 38.23(b); Hunter, 92 S.W.3d
at 602.








Recently, this court has concluded otherwise, determining
that the affidavit need not have an actual signature to be considered properly
sworn.  See Sanchez Selph v. State,
Nos.14-03-01112-CR, 14-03-01113-CR, 2005 WL 851184, at *3 (Tex. App.CHouston [14th Dist.] April 14, 2005,
no pet. h.) (mem. op.).  In Sanchez
Selph, the magistrate did not sign the affidavit, but did sign the attached
search warrant.  In the affidavit, the
officer stated that he orally swore to the presiding judge that the facts in
the affidavit were true.  Id. at
*4.  We noted that A[w]hen a magistrate states in a
warrant that the affiant has sworn to a statement in his affidavit, the
affidavit may be incorporated by reference into the warrant when the two
instruments are stapled together.@ Id. at 3.  Given the officer=s oral oath and the fact that the
warrant recited that the affidavit was attached, we read the affidavit and the
search warrant as one document and determined that the affidavit was properly
sworn.  Id.  Other courts have determined that it is not
the signature, but the oath itself, that solemnizes the affidavit.  See Vance v. State, 759 S.W.2d 498,
500 (Tex. App.CSan Antonio 1998, pet. ref=d). 
AIf the affiant is sufficiently
identified in the body of the affidavit or in the jurat, his signature
is not necessary to the validity of the affidavit.@ 
Id. 

Here, as in Sanchez Selph, the
warrant states that it was attached to the affidavit and that Officer Griffin
swore to Judge Harmon that all facts stated in the affidavit were true and
correct.  Sanchez Selph, 2005 WL
851184, at *4.  Although the failure to
sign the affidavit was by the officer in this case, as opposed to the
magistrate in Sanchez Selph, we believe that the cases are otherwise
comparable.  Id.  Officer Griffin was sufficiently identified
in his affidavit as well as in the warrant issued by Judge Harmon.  Furthermore, during the suppression hearing,
both Judge Harmon and Officer Griffin testified that Officer Griffin swore to
the information in the affidavit in the presence of Judge Harmon.  Finally, the documents were stapled together,
exactly as they were in Sanchez Selph. 
Id.  Therefore, we find
that the affidavit was properly sworn and was sufficient for the issuance of
the search warrant, and thus overrule the first point of error.

                                               PROBABLE
CAUSE








In his second
point of error, appellant alleges that the facts set forth in Officer Griffin=s affidavit were
stale and failed to establish probable cause. 
We disagree.  To be valid, a
search warrant must be supported by a sworn affidavit Asetting forth
substantial facts establishing probable cause.@  Tex. Code Crim. Proc. Ann. art. 18.01(b).  To establish probable cause, an affidavit
must provide a substantial basis for concluding that a search would uncover
evidence of wrongdoing.  Swearingen v.
State, 143 S.W.3d 808, 810 (Tex. Crim. App. 2004) (citing Illinois v.
Gates, 462 U.S. 213, 234-37 (1983)). 
Where such a basis exists, a reviewing court must show deference to the
magistrate=s finding of probable cause.  Id. 
Furthermore, a magistrate may draw reasonable inferences in determining
whether probable cause exists.  Hankins
v. State, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004).  

We find that there
was a substantial basis to conclude that searching appellant=s residence would
uncover evidence of credit card abuse, and accordingly, we find that Judge
Harmon=s determination of
probable cause was proper in light of the following facts: 

(1) In December 2002, Citibank
notified Lisa Stark that someone had opened a credit card in her name.  Because Stark had never opened a Citibank
account, she notified the police.

 

(2) Also in December 2002, mail
addressed to Stark began arriving at 62102  Rand Street (the ARand Street address@), even though Stark did not live
there and had never authorized the address change.  Furthermore, Officer Griffin learned that the
postal service had received forms changing two other addresses to the Rand
Street address.

 

(3) About a month before Judge Harmon
issued the search warrant on June 26, 2003, American Express contacted Stark,
claiming that she owed roughly $10,000 on an overdue bill; however, Stark had
never opened an account with American Express and knew nothing about the
charges. 

 

(4) Just one week before Judge
Harmon issued the search warrant, a postal carrier alerted Officer Griffin that
an envelope from Citibank addressed to Stark was ready for delivery to the Rand
Street address.

 

(5) Officer Griffin knew that
information such as people=s names, social security numbers, bank accounts, and credit
cards are often used to perpetuate fraud.

 








Appellant argues
that the above facts are stale and that none of the information in the
affidavit implicates him personally.  We
find these arguments unpersuasive. 
First, the facts in Officer Griffin=s affidavit were
not stale.  The amount of time that
elapses between the occurrence of events described in the affidavit and the
issuance of the search warrant is a key factor in determining staleness;
however, this passage of time does not indicate staleness when the events are Aprotracted and
continuous,@ demonstrating a course of conduct.  Lockett v. State, 879 S.W.2d 184, 189
(Tex. App.CHouston [14th Dist.] 1994, pet. ref=d) (citing  Bernard v. State, 807 S.W.2d 359, 365
(Tex. App.CHouston [14th Dist.]  1991, no pet.)).  In Lockett, we held that facts were
not stale where the affidavit showed that the defendant had continuously
possessed illegal firearms and that those firearms could be found at the
defendant=s residence; informants had seen guns
there three and four months before the search, and a parole officer had seen a
gun cabinet two months before the search. 
Id.  Similarly, in State
v. Stone, the facts in the affidavit were not stale when the defendant
conversed with an undercover officer over the Internet for a month,
establishing a continuous course of communication, and only one week passed
between their last communication and the issuance of the search warrant.  State v. Stone, 137 S.W.3d 167, 178
(Tex. App.CHouston [1st Dist.] 2004, no pet.).

Here, mail
addressed to Lisa Stark arrived at the Rand Street address from December 2002
until June 2003, even though Stark had never authorized the address
change.  Furthermore, one week before
Judge Harmon issued the search warrant, a postal carrier told Officer Griffin
that a Citibank envelope addressed to Stark was ready for delivery to the Rand
Street address.  Therefore, we find that
the facts in Officer Griffin=s affidavit indicate
continuous acts of credit card abuse, 
and that the passage of just one week between the most recent event and
the issuance of the warrant does not 
render the facts stale.








Secondly,
appellant=s argument that the facts in the affidavit
do not implicate him personally is misguided. 
In a probable cause inquiry, the relevant question is whether the facts
in the affidavit are sufficient to justify a conclusion that the object of the
search is likely to be found on the premises 
at the time the warrant issues.  Uresti
v. State, 98 S.W.3d 321, 336 (Tex. App.CHouston [1st
Dist.] 2003, no pet.) (citing Massey v. State, 933 S.W.2d 141, 149 (Tex.
Crim. App. 1996)).  Nothing here suggests
that the search warrant was required to establish probable cause regarding
appellant, as opposed to probable cause regarding evidence to be found at the
Rand Street address.  Therefore, because we
find that the facts in the affidavit were not stale and that they provided a
substantial basis to conclude that a search would uncover evidence of credit
card abuse at the Rand Street address, we overrule appellant=s second point of
error and affirm the judgment of the trial court.

 

 

 

 

/s/      Adele
Hedges

Chief Justice

 

Judgment rendered and Majority and
Concurring Memorandum Opinions filed September 13, 2005.

 

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman. 
(Edelman, J., concurring).

 

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  Appellant pled
guilty, and the trial court assessed a punishment of ten years= confinement in the Institutional Division of the
Texas Department of Criminal Justice.