Opinion filed March 1, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 1, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                      Nos. 11-04-00222-CR & 11-04-000223-CR 

 

                                                    __________

 

                          RAYMOND SCOTT McCORMICK, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 259th District Court

 

                                                          Jones
County, Texas

 

                                             Trial
Court Cause Nos. 9197 & 9198

 



 

                                                                   O
P I N I O N

 

The trial court convicted Raymond Scott McCormick,
upon his pleas of guilty, of the offenses of manufacturing a controlled
substance -- methamphetamine (Cause No. 11-04-00222-CR) and possessing or
transporting anhydrous ammonia in a container not designed for that purpose
(Cause No. 11-04-00223-CR).  Appellant
and the State entered into plea bargain agreements, and the trial court
assessed punishment in accordance with the plea bargain agreement in each case
at confinement for ten years.  Appellant
is appealing pretrial matters and also received the trial court=s permission to appeal.  See Tex.
R. App. P. 25.2.  We affirm.  

 








                                                                 Issues
Presented

Appellant brings three points of error on
appeal.  In the first point, appellant
contends that the trial court erred in denying the motion to suppress because
the State failed to prove probable cause for the search warrant thereby
violating appellant=s
constitutional and statutory rights.  In
his second point, appellant argues that the trial court erred in taking
judicial notice of the contents of the search warrant and the supporting
affidavit.  In his final point, appellant
asserts that the trial judge erred by failing to sua sponte recuse himself when
he became an interested witness during the pretrial hearing.  

                                                               Motion
to Suppress

To review the trial court=s
ruling on the motion to suppress, we must first determine the applicable
standard of review.  Appellant asserts
that we must apply a de novo standard of review.  See Guzman v. State, 955 S.W.2d 85
(Tex. Crim. App. 1997).  We
disagree.  The Court of Criminal Appeals
addressed the standard of review applicable to a trial court=s finding of probable cause with
respect to a search warrant in Swearingen v. State, 143 S.W.3d 808 (Tex.
Crim. App. 2004).  The Swearingen
court determined that the standard to be applied to the review of a magistrate=s determination of probable cause in
issuing a search warrant is an exception to the general rule set out in Guzman.  Id. at 811 (stating that Guzman
applies to warrantless search situations). 
The Swearingen court held that a magistrate=s determination to issue a search
warrant is subject to the deferential standard of review articulated in Illinois
v. Gates, 462 U.S. 213 (1983), and Johnson v. State, 803 S.W.2d 272
(Tex. Crim. App. 1990).  A reviewing
court must give deference to the trial court=s
determination of probable cause and affirm that decision Aso long as the magistrate had a
substantial basis for concluding that a search would uncover evidence of
wrongdoing.@  Swearingen, 143 S.W.3d at 810 (citing Illinois
v. Gates, 462 U.S. at 234-37).  When
a challenge is made to the sufficiency of a search warrant affidavit to show
probable cause, the trial court is limited to the Afour
corners@ of the
affidavit.  See Massey v. State,
933 S.W.2d 141, 148 (Tex. Crim. App. 1996). 


Affidavit -- Four Corners








In this case, Sergeant James C. Rhodes with the
Narcotics Service of the Texas Department of Public Safety was the
affiant.  In his affidavit, Sergeant
Rhodes described the residence and its curtilage and then named and described
the suspected parties:  Terry Ann Henry,
appellant, and other unidentified persons. 
The affidavit continues as follows: 


3.  It is
the belief of affiant that said suspected party has possession of and is concealing
at said suspected place in violation of the laws of the State of Texas the
following property: Drugs kept, prepared, or manufactured in violation of the
laws of this State, to-wit: METHAMPHETAMINE. 
Further, Affiant believes that suspected party has at said suspected
place other paraphernalia, implements, and instruments used in the commission
of the offense of Manufacture and/or Delivery of a Controlled Substance.  

 

4.  Affiant
has good reason to believe, does believe, and hereby charges and accuses that
on or about 02/17/2003 in JONES County, Texas, the suspected party committed an
offense against the laws of the State of Texas, to-wit: Manufacture or Delivery
of Substance PG 1 Sec. 481.112 HSC.  On
or about said date and at said place he did then and there intentionally and
knowingly commit the offense of Manufacturing/Delivery of METHAMPHETAMINE, a
controlled substance listed in the Texas Controlled Substances Act.

 

5. [Sergeant Rhodes lists relevant qualifications,
training, and experience.]

 

Based on Your Affiant[=]s
training, experience, and surveillance, the following probable cause has been
developed and is detailed as follows. 

 








Suspected Party has been under investigation by
your Affiant since 02/17/2003 and suspected of Manufacturing and Delivery of
METHAMPHETAMINE.  Your Affiant received
information from JONES COUNTY SHERIFF LARRY MOORE who informed your Affiant
that the odor of ether was emitting from the area of the suspected place.  Sheriff Moore was informed by an Independent
Source that the odor of ether was present from around the suspected place and
Sheriff Moore confirmed the information provided by the Independent Source.  Sheriff Moore contacted John H. Murphy,
Narcotics Lieutenant with the Texas Department of Public Safety, who in turn
drove to the suspected place and also confirmed the odor of ether emitting from
the area of the Suspected Place. 
Lieutenant Murphy contacted Sgt. Teofilo Garcia who then drove to the
Suspected Place and detected an acidic odor emitting from the area of the
suspected place.  Sgt. Garcia informed
Lieutenant Murphy of the suspected odor on which Lieutenant Murphy went to the
suspected place and confirmed the acidic odor emitting from the Suspected Place.  It is known by your Affiant that the
Suspected Party was arrested for transportation of Anhydrous Ammonia in an
unapproved container and Possession of Methamphetamine by the Jones County
Sheriff Department on 11/05/1999.  Your
Affiant based on training and experience knows Anhydrous Ammonia is a key
ingredient for the (Nazi style) manufacture of Methamphetamine.  Your affiant has knowledge that the Suspected
Party has been under investigation by the Abilene Police Department Narcotics
Service for Manufacture of Methamphetamine and[,] as a result of this
investigation, a Search Warrant was executed on 06/21/01.  The Suspected Party was arrested for
Manufacture and Delivery of Methamphetamine and convicted of Possession of
Methamphetamine within the past twelve (12) months, and is currently serving a
probated ten (10) year sentence.  Within
the past six- (6) months the Jones County Sheriff=s
Department has received numerous telephone calls from Independent Sources in
reference to the Manufacture of Methamphetamine occurring from the Suspected
Place. 

 

Your Affiant, by ongoing investigation, believes
METHAMPHETAMINE is inside the residence. 

 

In reference to the above listed odors.  Your Affiant through training and experience
knows that the products, which produce these odors, are utilized in the
manufacture of METHAMPHETAMINE, commonly referred to as the ANAZI METHOD.@

 

Therefore, this information and
these circumstances considered in total, your Affiant believes it is highly
probabl[e] that a search of the suspected place and premises will yield a
quantity of METHAMPHETAMINE and/or a ANAZI
STYLE@
Clandestine Laboratory.  

The warrant was signed by a magistrate[1]
on that same day, February 17, 2003, at 11:55 p.m.

The warrant was admitted into evidence without
objection.  An unsigned copy of Sergeant
Rhodes=s
affidavit was offered and admitted over objections to the lack of signature and
the substituted last page.  The last page
of the affidavit had apparently been lost after it was returned to the
magistrate.  At the hearing, an unsworn
but true and correct copy of the affidavit was substituted for the
original.  Sergeant Rhodes testified that
he had sworn to the affidavit before a magistrate and that he and the
magistrate had signed it.  Sergeant
Rhodes testified that, other than the missing signatures, the affidavit
introduced into evidence was identical to the original.  








When a document has been lost or destroyed without
bad faith, the original is not required; other evidence of the contents of the
document is admissible.  Tex. R. Evid. 1004.  Contrary to appellant=s
assertion, the trial court did not take judicial notice of the affidavit or the
warrant.  Sergeant Rhodes=s testimony supported the admission of
the documents into evidence pursuant to Rule 1004.  Moreover, evidence obtained in good faith
pursuant to a search warrant is admissible even if the affiant fails to sign
the affidavit.  Tex. Code Crim. Proc. Ann. art. 38.23(b) (Vernon 2005); see
Hunter v. State, 92 S.W.3d 596 (Tex. App.CWaco
2002, pet. ref=d)(unsigned
affidavit); Brent v. State, 916 S.W.2d 34 (Tex. App.CHouston [1st Dist.] 1995, pet. ref=d)(unsigned affidavit); Vance v.
State, 759 S.W.2d 498 (Tex. App.CSan
Antonio 1988, pet. ref=d)(unsigned
affidavit); see also Dunn v. State, 951 S.W.2d 478 (Tex. Crim. App.
1997)(good faith exception applied to unsigned search warrant).  Appellant=s
second point of error is overruled.  

Sergeant Rhodes=s
affidavit was sufficient to justify the trial court=s
finding of probable cause.  Based upon
the affidavit, the trial court could have reasonably concluded that
metham-phetamine and other items used in its manufacture would be found at the
suspected place.  Thus, based upon the
four-corners test, probable cause existed for the issuance of the search
warrant. 

Affidavit -- False Information

In his motion to suppress, appellant also appeared
to be asserting a Franks challenge to the search warrant.  See Franks v. Delaware, 438 U.S. 154
(1978).  Appellant argues that the
testimony elicited during the hearing indicated a lack of due diligence and a
reckless disregard for the truth of the information provided to Sergeant
Rhodes.  

In Franks, the Supreme Court addressed the
issue of using false information in an affidavit that supports a warrant.  The Court held that, when an allegation of
perjury or reckless disregard is established by the defendant at a suppression
hearing by a preponderance of the evidence, the false information must be
disregarded.  If the affidavit=s remaining content is insufficient to
establish probable cause, the search warrant must be voided and the fruits of
the search excluded.  Franks,  438 U.S. at 156; Hinojosa v. State, 4
S.W.3d 240, 246-47 (Tex. Crim. App. 1999). 
At a Franks hearing, the trial court is the sole fact-finder and
judge of the witnesses=
credibility and of the weight of the evidence. 
As such, the trial court is owed great deference, and its ruling will
not be disturbed unless it is outside the bounds of reasonable
disagreement.  Hinojosa, 4 S.W.3d
at 247; Janecka v. State, 937 S.W.2d 456, 462 (Tex. Crim. App.
1996).  








At the pretrial hearing in this case, appellant
attempted to disprove the allegations regarding the suspected party=s criminal history.  Appellant testified he was not arrested for
transporting anhydrous ammonia in 1999 and was not currently serving a ten-year
probated sentence for manufacturing or delivering methamphetamine.  Appellant=s
testimony did not show that the statements in the affidavit were false.  There were two suspected parties named in the
affidavit, and Sergeant Rhodes did not specify which suspected party had the
arrest and conviction.  Henry may well
have been the suspected party with the relevant criminal history.  Thus, appellant did not meet his burden of
showing that the affidavit contained false information on this issue. 

Appellant also attempted to prove that the trailer
in which he resided was separate from and was not within the curtilage of the
manufactured home in which Henry resided. 
The evidence as to whether appellant=s
trailer had a separate address was controverted.  Moreover, even if the trailer was a separate
residence with a separate address, the probable cause affidavit and the search
warrant clearly identified and included both the trailer and the manufactured
home.  The affidavit and warrant also
identified both appellant and Henry as suspected parties that were in control
of the premises.  Appellant did not show
that the affidavit was made in reckless disregard for the truth or that it
contained false information.  We hold
that the trial court did not err in denying appellant=s
motion to suppress.  Appellant=s first point of error is
overruled.  

                                                                        Recusal

In his final point, appellant asserts that the
trial judge should have sua sponte recused himself when a witness insinuated
that the judge lost the original search warrant affidavit and search warrant
return, placing the judge in a compromising position as an interested witness
in the outcome of the proceedings.  A
judge who merely reviews a probable cause affidavit and then issues a search
warrant is not required to disqualify himself from later proceedings in that
case.  See Kemp v. State, 846
S.W.2d 289, 304-06 (Tex. Crim. App. 1992). 
The trial judge was not called as a witness in this case, and no motion
to recuse was filed.  We cannot find
that, under the circumstances of this case, the trial judge erred in failing to
recuse himself.  Appellant=s third point of error is overruled. 

                                                                     Conclusion

The judgments of the trial court are
affirmed.  

 

PER CURIAM

 

March 1, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b). 

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J. 











[1]We note that the magistrate signing the warrant, Judge
Brooks Hagler, also heard and ruled on the motion to suppress and rendered
judgment in this case.