COMMONWEALTH *vs.* MORRIS CROTTY & others.

A warrant to arrest "John Doe or Richard Roe, whose other or true name is unknown," without any further description or means of identification of the person to be arrested, is void; and any person sought to be arrested upon such a warrant may lawfully resist, and third persons may lawfully aid him in such resistance, using no more force than is necessary to prevent the arrest.

INDICTMENT for a riot.

At the trial in the superior court, before *Brigham*, J., the grounds on which the district attorney relied were as follows: Calvin Peaslee had made a complaint to the police court of Lee, charging that "John Doe or Richard Roe, whose other or true name is to your complainant unknown," had committed an assault and battery upon him; upon which complaint a warrant, which was attached to the complaint, was issued against "John Doe or Richard Roe, whose other or true name is to your complainant unknown, named in the foregoing complaint." Neither the complaint nor the warrant contained any further description or means of identification of the person to be arrested. Upon this warrant, a deputy sheriff with assistants proceeded to arrest Morris Crotty, one of the present defendants, as the real person chargeable. Crotty resisted the arrest on the ground that the warrant was invalid, and the other defendants aided him. The officer testified that he did not rely upon any description in the warrant, but upon information otherwise obtained, for the identification of Crotty.

The judge instructed the jury that the above warrant authorized the arrest of Crotty, provided he was the person accused in the complaint attached to the warrant, notwithstanding the complaint or warrant did not contain his name, any description of his person, or any statement of the reason why his person was not described, and notwithstanding the person accused was described as "John Doe or Richard Roe;" and that Crotty's assault upon and resistance of the officer were unlawful acts, and if Crotty, or either of the defendants with him, and with other persons, or said Crotty with other persons to the number

of three or more in all, mutually assisted each other in assault-
ing and resisting said officer while attempting to arrest Crotty
under said warrant, and they acted in a violent and tumultuous
manner, such persons were guilty of a riot.

The jury returned a verdict of guilty against some of the de
fendants, and they alleged exceptions.

*M. Wilcox,* (*I. Sumner* with him,) for the defendants.

*J. C. Davis,* for the Commonwealth, submitted the case with
out argument.

BIGELOW, C. J.   We cannot entertain a doubt that the war
rant on which the officer attempted to arrest one of the defend-
ants at the time of the alleged riot was insufficient, illegal and
void.   It did not contain the name of the defendant, nor any
description or designation by which he could be known and iden-
tified as the person against whom it was issued.   It was in effect
a general warrant, upon which any other individual might as
well have been arrested, as being included in the description, as
the defendant himself.   Such a warrant was contrary to ele-
mentary principles, and in direct violation of the constitutional
right of the citizen, as set forth in the Declaration of Rights,
art. 14, which declares that every subject has a right to be secure
from all unreasonable searches and seizures of his person, and
that all warrants, therefore, are contrary to this right, if the
order in the warrant to a civil officer to arrest one or more
suspected persons or to seize their property be not accompanied
with a special designation of the persons or objects of search,
arrest or seizure.   This is in fact only a declaration of an ancient
common law right.   It was always necessary to express the
name or give some description of a party to be arrested on a
warrant; and if one was granted with the name in blank, and
without other designation of the person to be arrested, it was
void. 1 Hale P. C. 577.   2 Ib. 119.   Foster, 312.   7 Dane
Ab. 248.   1 Chit. Crim. Law, 39.   *Mead* v. *Haws,* 7 Cow. 332,
and cases cited.

This rule or principle does not prevent the issue and service
of a warrant against a party whose name is unknown.   In
such case the best description possible of the person to be

**arre**sted is to be given in the warrant; but it must be sufficient to indicate clearly on whom it is to be served, by stating his occupation, his personal appearance and peculiarities, the place of his residence, or other circumstances by which he can be identified. 1 Chit. Crim. Law, 39, 40.

The warrant being defective and void on its face, the officer had no right to arrest the person on whom he attempted to serve it. He acted without warrant and was a trespasser. The defendant whom he sought to arrest had a right to resist by force, using no more than was necessary to resist the unlawful acts of the officer. An officer who acts under a void precept, and a person doing the same act who is not an officer, stand on the same footing; *Shadgett* v. *Clipson*, 8 East, 328; *Rex* v. *Hood*, 1 Mood. C. C. 281; *Hoye* v. *Bush*, 2 Scott N. R. 86; *Pearce* v *Atwood*, 13 Mass. 324, 344; *Sanford* v. *Nichols*, Ib. 286; *Commonwealth* v. *Kennard*, 8 Pick. 133; and any third person may lawfully interfere to prevent an arrest under a void warrant, doing no more than is necessary for that purpose. 1 Chit. Crim. Law, 44. *The King* v. *Osmer*, 5 East, 304–308.

The defendants, therefore, in resisting the officer in making an arrest under the warrant in question, if they were guilty of no improper or excessive force or violence, did not do an unlawful act by lawful means, or a lawful act by unlawful means, and so could not be convicted of the misdemeanor of a riot, with which they are charged in the indictment.

The instructions under which the case was submitted to the jury did not meet this aspect of the case. It must therefore **go to a new** trial. *Exceptions sustained.*