COMMONWEALTH *vs.* DEBRA A. HANSCOM (and five companion cases [1]). May 22, 1974. The defendants were indicted for possession of marihuana and heroin and possession of heroin with intent to sell, were tried jointly before a jury, and were convicted of all charges. The defendants' bill of exceptions (G. L. c. 278, § 31) brings before this court: (1) the sufficiency of the search warrant under which narcotics and narcotics paraphernalia were seized; (2) the admissibility of the items so seized; and (3) the propriety of the judge's refusal to grant a mistrial because of the district attorney's characterization of the defendants as "merchants of death" in his closing argument. There was no error. The defendants' contention that the omission of the affiant's name and the date in the acknowledgement on the affidavit vitiates the entire warrant for noncompliance with the requirements of G. L. c. 276, § 2B, as amended by St. 1965, c. 384, is answered in *Commonwealth* v. *Snow,* 363 Mass. 778, 784-786 (1973). The defect is "hypertechnical" and does not invalidate the warrant. See *United States* v. *Ventresca,* 380 U. S. 102, 109 (1965).

---

[1] Two of the companion cases were against Debra A. Hanscom and three were against Henry Kimble, Jr.

The items admitted in evidence were either found in a black bag during the search or were found elsewhere in the apartment and deposited in the bag by police officers at the conclusion of the search. The black bag and its contents were delivered by Officer Mahoney to the Department of Public Health for chemical analysis, returned to him a few days later, inspected by him and locked in his locker until the trial. "We . . . are of the opinion that the chain of custody of the exhibits could be found to have been sufficiently established to justify their admission in evidence." *Commonwealth* v. *Baltrop, ante,* 819, 820 (1974). "If there were weaknesses in the chain, that would go the weight of the evidence rather than to its admissibility." *Commonwealth* v. *White,* 353 Mass. 409, 419-420 (1967), and cases cited. Assuming an exception was properly taken to the prosecutor's remarks in his closing argument, the judge acted within his discretion in denying the defendants' motion for a mistrial. *Commonwealth* v. *DeChristoforo,* 360 Mass. 531, 537-538 (1971). The lone reference to "merchants of death" was not sufficient to require a mistrial, and the judge's curative instructions rendered the comment harmless. *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 711 (1974).

*Exceptions overruled.*

The case was submitted on briefs.

*Donald J. Nasif* for the defendants.

*Richard E. Rafferty,* Assistant District Attorney, for the Commonwealth.