COMMONWEALTH *vs.* JAMES DOZIER. September 14, 1977. The Commonwealth has appealed (G. L. c. 278, § 28E) from the allowance of the defendant's motion to suppress evidence seized from the defendant's apartment and automobile pursuant to a search warrant, supported only by a document, purporting to be an affidavit, on which the jurat was unsigned. The document was inadequate as a basis for the warrant; the motion to suppress was properly allowed. From the face of the document (see *Commonwealth* v. *Monosson,* 351 Mass. 327, 328-329 [1966]; *Commonwealth* v. *Penta,* 352 Mass. 271, 274-275 [1967]) it could not be determined that it was an affidavit sworn to before a "Justice or Special Justice, Clerk or Assistant Clerk," as required by G. L. c. 276, § 2B, as amended by St. 1965, c. 384.[1] Indeed the Commonwealth concedes in its brief that "[t]he affidavit did not

[1] This statute changed the form for the jurat to provide that it be executed by one of those officials instead of by a notary public. (We note that the form for affidavit used in this case erroneously calls for acknowledgment before a notary public.)

indicate who[m the affiant] swore in front of, if anyone." *Commonwealth* v. *Snow,* 363 Mass. 778, 784-786 (1973), and *Commonwealth* v. *Hanscom,* 2 Mass. App. Ct. 840 (1974), are not to the contrary. In those cases the place in the jurat for the name of the affiant was left blank; but his identity was clear from other parts of the affidavit. He had signed the affidavit and the jurat was signed by a court clerk. "The only possible reasonable conclusion which [could] be drawn from a reading of the . . . affidavit" was that the affiant "as required by § 2B, as amended, appeared before the court clerk and swore that the allegations by him subscribed were true." *Commonwealth* v. *Snow,* 363 Mass. at 785-786. Such is not the case with the warrant application before us.

> *Order allowing motion to suppress*
> *evidence affirmed.*

*Imelda C. La Mountain,* Assistant District Attorney, for the Commonwealth.

*Arthur H. Gregory* for the defendant.