COMMONWEALTH *vs.* TONY GONZALEZ.

No. 94-P-1235.

Hampden. March 8, 1995. - December 1, 1995.

Present: SMITH, PORADA, & IRELAND, JJ.

*Search and Seizure*, Warrant, Affidavit. *Constitutional Law*, Search and seizure.

An affidavit in support of a search warrant sufficiently described the premises to be searched; in circumstances where the affiant was the same person who executed the warrant, there was no reasonable probability that another premises might be mistakenly searched: the defendant's motion to suppress evidence should have been denied. [476-478]

INDICTMENTS found and returned in the Superior Court Department on August 17, 1993.

A pretrial motion to suppress evidence was heard by *Constance M. Sweeney*, J.

An application for an interlocutory appeal was allowed by *John M. Greaney*, J., in the Supreme Judicial Court for the county of Suffolk and the appeal was reported by him to the Appeals Court.

*Ellen Berger*, Assistant District Attorney, for the Commonwealth.

*Thomas G. Murray* for the defendant.

SMITH, J. On July 27, 1993, members of the Springfield police department narcotics unit obtained search warrants for a grocery store located at 128 Eastern Avenue and for a residence located at 264 Tyler Street, both addresses in Springfield. The issuance of the warrant to search 264 Tyler Street was supported by the affidavit of a Springfield police officer who was assigned to the narcotics unit. The affidavit was based upon information supplied by an informant, controlled buys, and surveillance by the affiant and other police

officers. Based on the information contained in the affidavit, the affiant concluded that he had probable cause to search "264 Tyler Street, first floor." A magistrate agreed and issued a warrant authorizing a search of "264 TYLER STREET IN SPRINGFIELD, MA DESCRIBED AS TWO STORY, WOOD FRAME STRUCTURE, LIGHT BROWN SHINGLES WITH WHITE TRIM." When the police searched the defendant's first-floor apartment pursuant to the warrant, they believed that apartment's address was 264 Tyler Street; however, the correct address was 126 Eastern Avenue. During the search, the police discovered narcotics and a firearm.

As a result, the defendant was the subject of several indictments charging him with (1) trafficking in cocaine with a net weight of more than twenty-eight grams but less than one hundred grams, (2) unlawful possession of cocaine with intent to distribute within 1,000 feet of a school, (3) unlawful possession of heroin with intent to distribute within 1,000 feet of a school, (4) conspiracy with intent to distribute (two indictments), and (5) possession of a firearm.

The defendant filed a motion to suppress the narcotics and the firearm that were seized as a result of the search of his apartment. Specifically, the defendant claimed that "the police knew or should have known of a separate and distinct residence at 126 Eastern Avenue" and that their failure to obtain a warrant for that address made the search of the defendant's apartment constitutionally invalid.

A Superior Court judge held a hearing on the defendant's motion.[1] The judge heard testimony from the defendant and from the police officer who not only signed the application in support of the warrant to search 264 Tyler Street, but also

---

[1] The purpose of the hearing was to acquaint the judge with the unusual configuration of the building located at the corner of Tyler Street and Eastern Avenue, the site of the searches by the police, and also with details concerning the execution of the warrant. She also heard testimony from the police officer who executed the search under the warrant. The judge was aware that, as to the issue of probable cause, she could consider only the affidavit or affidavits presented to the magistrate. *Commonwealth* v. *Germain*, 396 Mass. 413, 415 n.4 (1985).

executed the search under the warrant, with other officers. In addition, the judge took a view of the location in question. After the hearing concluded, the judge allowed the defendant's suppression motion, ruling that the constitutional and statutory particularity requirements for search warrants were not met. A single justice of the Supreme Judicial Court allowed the Commonwealth's application for leave to appeal, see Mass.R.Crim.P. 15(b) (2), 378 Mass. 884 (1979), and reported the matter to this court for determination.

The Commonwealth claims that the judge committed error in allowing the defendant's suppression motion. It argues that, although the warrant erroneously identified 264 Tyler Street as the premises to be searched — instead of 126 Eastern Avenue, that error did not invalidate the warrant because the warrant and affidavit, read together, accurately described the location of the defendant's apartment, and the affiant's knowledge of that location and his presence while the warrant was being executed, among other things, made the mistake of the wrong address immaterial.

In allowing the defendant's motion, the judge filed a memorandum of decision which contained her findings of fact and conclusions. We summarize her findings and supplement them with information contained in the affidavit that supported the issuance of the search warrant. There are three addresses for the building (or buildings) located at the corner of Tyler Street and Eastern Avenue. They are 126 Eastern Avenue (the defendant's apartment), 128 Eastern Avenue (a grocery store, the subject of the other search warrant obtained by the police), and 264 Tyler Street (the premises named in the search warrant used to search the defendant's apartment).

Essentially, 264 Tyler Street and 126 Eastern Avenue constitute one building. That building has two floors; 126 Eastern Avenue takes up the entire first floor, and 264 Tyler Street takes up the entire second floor. The defendant's apartment is located on the first floor (126 Eastern Avenue). What appears from the outside to be the first floor of 264 Tyler Street is actually the defendant's first-floor apartment

bearing the address of 126 Eastern Avenue. Specifically, one of the bedrooms and a bathroom of the defendant's apartment are situated alongside a veranda on Tyler Street.[2] There are no doors on the veranda or anywhere else on Tyler Street that lead into 126 Eastern Avenue. The defendant's first-floor apartment is entered from Eastern Avenue; rear entry is made from a parking lot located directly behind 126 Eastern Avenue.

Entry to the second-floor apartment located at 264 Tyler Street is gained by climbing an outdoor stairway on Tyler Street to a first-floor veranda. At the veranda, there is a door with a vestibule. A stairway inside the vestibule leads to the second floor at 264 Tyler Street. At the top of the stairs, there is a door, which leads into the 264 Tyler Street apartment. At no time during the execution of the warrant did the police enter the second-floor apartment at 264 Tyler Street.

. In the application in support of the search warrants, the affiant stated that he had received information from the informant that the defendant "keeps his cocaine in the cellar of the grocery store and also the first floor of 264 Tyler Street." The informant was also present when the defendant sold a "bundle of heroin that [the defendant] had retrieved from the first floor of 264 Tyler Street." Through surveillance, the affiant saw the defendant enter both 126 Eastern Avenue and 264 Tyler Street. Through information obtained from postal inspectors, the affiant also learned that mail addressed to 126 Eastern Avenue was delivered to 128 Eastern Avenue (the grocery store).

The judge ruled that a warrant's validity is determined by what the police knew or should have known about the building's nature prior to the search. She cited *Maryland* v. *Garrison*, 480 U.S. 79 (1987); *Commonwealth* v. *Treadwell*, 402 Mass. 355 (1988); *Commonwealth* v. *Erickson*, 14 Mass. App. Ct. 501 (1982), and other decisions in support of that ruling. The judge held that, in the present case, the police

---

[2]It was through the bedroom windows on the veranda that the affiant and other police officers entered the defendant's apartment when they executed the warrant.

reasonably should have known that the defendant did not reside at the "first floor" of 264 Tyler Street.[3] Therefore, she granted the defendant's suppression motion. We vacate the judge's order.

In order to be valid, a warrant must "particularly describ[e] the place to be searched and the persons or things to be seized," as required by the Fourth Amendment to the United States Constitution, art. 14 of the Declaration of Rights of the Massachusetts Constitution, and G. L. c. 276, § 2. "The manifest purpose of this particularity requirement was to prevent general searches. By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Commonwealth* v. *Carrasco*, 405 Mass. 316, 323 (1989), quoting from *Maryland* v. *Garrison*, 480 U.S. at 84.

Here, the issue is " 'whether the description is sufficient to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly searched which is not the one intended to be searched under the search warrant." *Commonwealth* v. *Rugaber*, 369 Mass. 765, 768 (1976), quoting from *United States* v. *Sklaroff*, 323 F. Supp. 296, 321 (S.D. Fla. 1971). *Commonwealth* v. *Treadwell*, 402 Mass. 355, 359 (1988).

As noted, in this case, the person who signed the affidavit in support of the search warrant and the officer who executed the warrant were the same person. In his affidavit, the affiant made references to drugs being stored in the "first floor apartment." There are no references in the affidavit to the second-floor premises located at 264 Tyler Street. Based on

---

[3]The judge wrote, "In the instant case, as in *Treadwell* and *Erickson*, the police reasonably should have known that the defendant did not reside at the 'first floor' of 264 Tyler Street. Put another way, the circumstances presented to [the] police were such that they should have been aware of a reasonable probability that an apartment other than the defendant's would be mistakenly searched."

the information contained in the affidavit, the affiant concluded that he had probable cause to search "264 Tyler Street, first floor." As the person who executed the warrant, the affiant knew the location and the identity of the premises to be searched, i.e., the first-floor apartment. See *Commonwealth v. Walsh*, 409 Mass. 642, 645 (1991); *Commonwealth v. Demogenes*, 14 Mass. App. Ct. 577, 581-583 (1982). Contrast *Commonwealth v. Treadwell*, 402 Mass. at 359-360.

Because the affiant was the same person who executed the warrant, there was no reasonable probability that another premises might be mistakenly searched. See *Commonwealth v. Rugaber*, 369 Mass. at 769 (knowledge of officers on the scene eliminated any danger of a mistaken search of house next door). This was not a situation where the officers had to make a choice between two apartments on the same floor. See *Commonwealth v. Treadwell, supra* at 361 (court invalidated warrant that, by virtue of its ambiguous description of the premises to be searched, left the police with the discretion to choose between two apartments on the same floor, even though probable cause existed to search only one apartment).

In allowing the suppression motion, the judge wrote that "the police reasonably should have known that the defendant did not reside at the 'first floor' of 264 Tyler Street" (see note 3, *supra*). The judge, however, apparently from her own view of the premises, found that "What appears from the outside to be the first floor of 264 Tyler Street is actually the side of the 126 Eastern Avenue apartment [of the defendant.]" If the exterior appeared that way to the judge, it is reasonable to conclude that it appeared that way to the police during their surveillance of the premises. Therefore, there was no indication from the exterior of the building that the defendant's first-floor apartment was actually located at 126 Eastern Avenue and not at 264 Tyler Street. We conclude that, in the circumstances present here, the police "were not required to risk disclosure of their surveillance, and thereby jeopardize their investigation, by going to the

[premises to ascertain the layout of the building] before applying for the warrant." *Commonwealth* v. *Carrasco*, 405 Mass. at 324-325.

The order allowing the defendant's suppression motion is vacated, and an order shall enter denying the defendant's motion to suppress. The matter is remanded to the Superior Court for trial.

*So ordered.*