IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

FILED

September 28, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | For Publication |
| | ) | |
| Appellee, | ) | Filed: |
| | ) | |
| v. | ) | Madison County |
| | ) | |
| DENNIS KEITH and | ) | Hon. Whit LaFon, |
| TIMOTHY COLLINS | ) | Judge |
| | ) | |
| Appellants. | ) | No. 02-S-01-9604-CC-00035 |

DISSENTING OPINION

I respectfully dissent from the majority's judgment that the search warrant was properly supported by affidavit. In my view, an "affidavit" which does not show on its face that it was sworn to is no affidavit at all. Rather, it is merely an unsworn writing.

The State attempts to correct this deficiency by submitting proof that the supporting affidavit had been sworn. But the fact remains that at the time of the search, the search warrant was not "supported by affidavit" as required by Tenn. Code Ann. § 40-6-103 (1997), nor "supported by oath or affirmation" as required by the Fourth Amendment to the United States Constitution. If the occupant of the subject property had inspected the warrant as it was being executed, he could have rightfully refused to allow the search. The constitutional right to so refuse an unreasonable

search should not be later extinguished simply because the State corrected its mistake after the fact.

The rule the majority promulgates today is closely akin to the "good faith" exception to the exclusionary rule:  as long as law enforcement officers act honestly and reasonably, then the fruits of their search will be admitted into evidence even though the search warrant was not supported by probable cause.  United States v. Leon, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed.2d 677 (1984).  We have not yet addressed the good faith exception in Tennessee, and I am wary of even the slightest, albeit oblique, movement in that direction.

Therefore, I would follow Commonwealth v. Dozier, 366 N.E.2d 1270 (Mass. App. Ct. 1977).  In that case, a statute required that the affidavit supporting the search warrant be sworn before a justice, special justice, clerk, or assistant clerk. Because the jurat was unsigned, the seized evidence was held properly suppressed.  Id. at 1270.

In conclusion, this Court once stated:

> The use of printed forms has made the procurement of a search warrant the merest formality, considering the fundamental constitutional right which the search invades.  Certainly, this Court can do no less than to require that the few blank spaces be filled in, and the other details of the formality be carried out with care and precision.

Everett v. State, 182 Tenn. 22, 28, 184 S.W.2d 43, 45 (1944) (finding an affidavit deficient because the month was omitted from the date of the alleged offense). Because I adhere to this principle, I must respectfully dissent from the majority's decision. I would find it necessary to suppress the evidence seized pursuant to this defective search warrant.

_____
ADOLPHO A. BIRCH, JR., Justice