Gants, J.
The defendant Michael Muller has moved to suppress the evidence that was seized during the execution of an arrest warrant at 61 Lynde Street in Melrose. As part of that motion, he challenges the lawfulness of the arrest warrant that was issued in the Malden District Court on March 17, 2004. An evidentiary hearing was conducted that was limited to the preliminary issue of the lawfulness of this arrest warrant on September 17, 2004, at which two witnesses testified: Assistant Clerk James Boyle of the Malden District Court (“Clerk Boyle”) and Detective James Cameron of the Melrose Police Department (“Detective Cameron”). For the reasons detailed below, this Court finds that the arrest warrant issued in the Malden District Court is void and invalid as a matter of Massachusetts constitutional law.
FINDINGS OF FACT
Detective Cameron conducted an investigation into the armed robbery of a convenience store in Melrose on March 4, 2004. As part of that investigation, he interviewed the store clerk who witnessed the robbery and learned that the robber was familiar to the clerk as someone who had previously been a customer in the store. Detective Cameron obtained information that caused him to suspect that the defendant had committed this robbery. He learned that the defendant had previously been arrested by the Saugus Police Department under the name of Shawn Miller, and, during that booking, gave a date of birth of November 6, 1972 and Social Security number 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. When he obtained the Board of Probation record (“the BOP”) for Shawn Miller with this birthdate and Social Security number, the BOP declared that the defendant’s true name was Michael Muller.
Detective Cameron obtained the booking photograph of the defendant from the Saugus Police Department and included it among eight photographs that *492he showed to the store clerk. The clerk identified the defendant as the robber. Detective Cameron spoke with a confidential informant, whose information he had relied upon in the past to obtain search warrants. This confidential informant informed Detective Cameron that the defendant was residing at 61 Lynde Street in Melrose. With this information, Detective Cameron on March 17, 2004 went to the Malden District Court to obtain a warrant for the defendant’s arrest.
Detective Cameron prepared an Application for Complaint for the arrest of Michael Muller for the crimes of armed robbeiy, assault with a dangerous weapon, and the possession of a firearm in the commission of a felony, and requested an arrest warrant. He gave the defendant’s address as 61 Lynde Street in Melrose, and provided the date of birth and social security number found in both the Saugus Police Department’s booking record and the BOP. He described the defendant as black, male, 5 feet 11 inches in height, 190 pounds, with brown eyes and black hair, whose mother was Delores [sic] Cobb and whose father’s first name was Louis, the last name being unknown. In support of his complaint, he attached two police reports, the first describing the robbeiy, and the second reporting the identification of the defendant by the clerk from the photospread. In the second police report, Detective Cameron declared that he had located and interviewed the mail carrier who delivered mail to 61 Lynde Street in Melrose, who told him that he had delivered mail numerous times to that residence that was addressed to Michael Muller and Shawn Miller.
Detective Cameron swore to the truthfulness of the Application for Complaint before Deputy Assistant Clerk Charles Peabody, who is authorized to issue oaths but not arrest warrants. The sworn Application for Complaint was then provided to Clerk Boyle, who was authorized to issue arrest warrants (see G.L.c. 218, §33) and found probable cause to issue an arrest warrant. Clerk Boyle wrote his findings in the Application for Complaint by checking the boxes, “Sufficient evidence presented” and “Warrant,” and signing his initials, “JB,” below the box titled, “Authorized by.” Clerk Boyle then handed the Application for Complaint to a “case specialist” in the Clerk’s Office, Jason Doucette, who was a temporary employee and not a clerk of the court. The case specialist then generated an Arrest Warrant from the information in the Complaint and Application, authorizing the arrest of Michael Muller of 61 Lynde Street in Melrose, providing the date of birth, sex, race, height, weight, eye color, and hair color contained in the Application for Complaint. The case specialist also entered the Warrant into the Warrant Management System, the computer database that notifies eveiy police department in the Commonwealth that a warrant is outstanding for the arrest of a defendant. In keeping with the usual practice of the Malden District Court, the paper Arrest Warrant was never seen by Clerk Boyle; nor was it signed by him or any other Clerk-Magistrate or Assistant Clerk.
The defendant at the hearing submitted a Birth Certificate for Shawn Miller, with a date of birth of November 7, 1973, reflecting that his mother was Dolores Cobb and his father Kevin Miller.
CONCLUSIONS OF LAW
The defendant contends that the arrest warrant issued was unlawful for two reasons: (1) it failed to describe the defendant with sufficient particularity; and (2) it was never signed by Clerk Boyle or any other authorized Assistant Clerk, contrary to the requirements set forth in Mass.R.Crim.P. 7(b)(1), G.L.c. 276, §22, and Article 14 of the Massachusetts Declaration of Rights. I will address each of the two contentions in turn.
The Particularity Requirement
Under both the Fourth Amendment to the United States Constitution and Article 14 of the Massachusetts Declaration of Rights, an arrest warrant must describe the person to be arrested with particularity.1 See generally Commonwealth v. Crotty, 92 Mass. 403 (1865); Commonwealth v. Gonzalez, 39 Mass.App.Ct. 472, 477 (1995). The Massachusetts Rules of .Criminal Procedure require that an arrest warrant “contain the name of the defendant or, if his name is unknown, any name or description by which he can be identified with reasonable certainty.” Mass.R.Crim.P. 6(b)(1). G.L.c. 276, §23A lists the specific descriptive information that the police must provide to the court when applying for an arrest warrant: “the person’s name, last known address, date of birth, gender, race, height, weight, hair and eye color, . . . [and] any known aliases.” G.L.c. 276, §23A. Here, Detective Cameron provided what he understood to be all of this information in his Application for Complaint. The arrest warrant itself identified the defendant as Michael Muller, a black male born on November 6, 1972, 5 feet 11 inches tall, weighing 190 pounds, with brown eyes and hair, whose address was 61 Lynde Street in Melrose. There can be doubt that this arrest warrant described the person to be arrested with the required particularity-
Although claiming that the arrest warrant lacked sufficient particularity, the defendant is really claiming that the particular identifying information in the arrest warrant was in error, because his true name was not Michael Muller and his true date of birth was not November 6, 1972. G.L.c. 276, §23A specifically declares that an arrest warrant that contains the required identifying information “shall not be nullified if such [identifying] information is later to be found to be inaccurate.” G.L.c. 276, §23A. To be sure, if an affiant knowingly provided false identifying information in applying for an arrest warrant, that knowingly false information must be excised from the affidavit in considering whether the warrant is supported by prob*493able cause. See generally Franks v. Delaware, 438 U.S. 154 (1978). Here, there is no allegation that Detective Cameron was acting with anything but good faith when he provided the identifying information to the Malden District Court, based on what he understood from the information provided by the Saugus Police Department, the BOP, the postal carrier delivering to 61 Lynde Street, and a confidential informant. “Factual inaccuracies not going to the integrity of the affidavit do not destroy probable cause . . .” Commonwealth v. Rugaber, 369 Mass. 765 (1976), quoting Commonwealth v. Murray, 359 Mass. 541, 548 (1971). For all of these reasons, this Court finds that the arrest warrant described the defendant with sufficient particularity.
The Failure to Sign the Arrest Warrant
In the case at bar, there is no dispute that the Assistant Clerk approved the issuance of the arrest warrant, and that the authorization of the arrest warrant was documented in writing by the Clerk when he signed his initials to that portion of the Application which indicates his finding of probable cause and his direction that a warrant shall issue. There is also no dispute that the arrest warrant itself was not signed, and that it was the pattern and practice of the Malden District Court not to sign arrest warrants.
In Commonwealth v. Pellegrini, the Supreme Judicial Court considered whether a search warrant was invalid when the judge failed to sign the warrant but plainly intended to issue it, since he had handed the search warrant to the police officer affiant and said, “You have a good warrant.” 405 Mass. 86, 87 (1989). The Court observed that “[t]here is no Federal requirement either under the Fourth Amendment or case law from the United States Supreme Court which requires that a judge sign the actual warrant.” Id. at 90. “As long as the [judge] in fact performs the substantive tasks of determining probable cause and authorizing the issuance of the warrant, the [Fourth A]mendment is satisfied.” Id., quoting United States v. Turner, 558 F.2d 46, 50 (2d Cir. 1977). The Court also observed that neither Article 14 of the Massachusetts Declaration of Rights nor any Massachusetts statute “explicitly” provides that a search warrant must be signed. Commonwealth u. Pellegrini, 405 Mass, at 90. The Court noted that “[t]he words ‘issue’ and ‘sign’ are not synonomous.” Id. “If the Legislature wished to make the signing of warrants a requirement without any exception, it could have done so explicitly.” Id. The Court concluded that, while “as a general rule, warrants must be signed by the authorizing authorify,” “a failure to sign an otherwise valid warrant, in a situation where there is no question that the judge intends to issue the warrant, should be deemed a ministerial defect which does not invalidate the warrant.” Id. at 88, 91.
The Commonwealth, relying on Pellegrini, argues that the failure to sign the arrest warrant here should also be found to be “a ministerial defect which does not invalidate the warrant.” There is, however, a fundamental difference between a search warrant and an arrest warrant under Massachusetts law. While no Massachusetts statute explicitly provides that a search warrant must be signed, a Massachusetts statute, by incorporating by reference a judicial rule, essentially requires that an arrest warrant must be signed by the issuing judicial officer. G.L.c. 276, §22 reads:
Upon complaint made to any justice that a crime has been committed, he shall examine on oath the complainant and any witnesses produced by him, reduce the complaint to writing, and cause it to be subscribed by the complainant, and, if it appears that a crime has been committed, shall issue a summons or warrant in compliance with the Massachusetts Rules of Criminal Procedure.
G.L.c. 276, §22 (emphasis added). Rule 6(b)(1) of the Massachusetts Rules of Criminal Procedure provides, “An arrest warrant issued pursuant to this rule shall be signed by the official issuing it and shall contain the name of the defendant or, if his name is unknown, any name or description by which he can be identified with reasonable certainty.” Mass.R.Crim.P. 6(b)(1) (emphasis added).
To be sure, the failure of Clerk Boyle to sign the arrest warrant itself, which apparently was common practice in the Malden District Court, violated the mandate in Mass.R.Crim.P. 6(b)(1), which explicitly states that “[a]n arrest warrant shall be signed by the official issuing it. . .” Mass.R.Crim.P. 6(b)(1) (emphasis added). The question, then, is whether the absence of the issuing official’s signature on the arrest warrant itself requires that the arrest warrant be found invalid even when there is no dispute that the Assistant Clerk authorized the arrest warrant and there is written documentation of that authorization. This Court concludes that Article 14 of the Massachusetts Declaration of Rights requires that the arrest warrant be found invalid when the issuing official failed to sign the warrant, in violation of the legal mandate that arrest warrants be signed; the absence of the required signature may not be treated as a mere “ministerial defect.”
As can be seen in footnote 1, Article 14 of the Massachusetts Declaration of Rights, in contrast with the Fourth Amendment to the United States Constitution, explicitly declares that “no warrant ought to be issued but in cases, and with the formalities prescribed by the laws.” Part 1, Art. 14, Massachusetts Declaration of Rights.2 This language plainly means that, as a matter of Massachusetts constitutional law, no warrant may be deemed valid unless it is issued in accordance with the “formalities” required by law.
Recognizing this principle, in those Massachusetts cases in which errors in arrest or search warrants have been found to be “ministerial defects” that do not invalidate the warrant, the court has concluded that *494the error did not violate a specific statutory mandate. For example, in Commonwealth v. Pellegrini, as noted earlier, the Supreme Judicial Court took pains to note that G.L.c. 276, §§1-2B required only that a valid search warrant “issue” and did not specifically require that it be signed. 405 Mass, at 90. In Commonwealth v. Snow, when the affiant of a search warrant signed the search warrant affidavit but the search warrant failed to include the affiant’s name in the portion that read, “Then personally appeared the above named _and made oath that the foregoing affidavit by him subscribed is true,” the Supreme Judicial Court noted that G.L.c. 276, §2B declared that the search warrant affidavit “shall be in substantially” that form, but did not specifically require that form. 363 Mass. 778, 785 (1973). See also Commonwealth v. Hanscom, 2 Mass.App.Ct. 840, 840 (1974) (rescript). In Commonwealth v. Young, when the affiant of a search warrant swore to the truth of his affidavit but failed to sign it, the Appeals Court held, “It is the oath that solemnizes and verifies. If the affiant is sufficiently identified in the body of the affidavit or in the jurat, his signature is not essential.” 6 Mass.App.Ct. 953, 954 (1978), quoting Huff v. Commonwealth, 213 Va. 710, 712 (1973). Indeed, while G.L.c. 276, §2B requires that a search warrant be supported by an affidavit, it does not specifically require that the affidavit be signed. See G.L.c. 276, §2B.
In the one Massachusetts appellate case cited by counsel and known to this Court in which an arrest warrant was not issued with “the formalities prescribed by law” because the arrest warrant was authorized but not issued and signed, the Supreme Judicial Court held that the arrest warrant was invalid. In Commonwealth v. Fredette, the investigating police officer telephoned the clerk/magistrate of the District Court at his home and asked him to come to the courthouse to issue an arrest warrant for the defendant. 396 Mass. 455,457 (1985). Theclerk/magistrate agreed that the police officer had established probable cause to arrest the defendant, but did not issue a warrant that day. Id. Instead, he told the police officer that he could assume that an arrest warrant was in effect and promised to issue a written arrest warrant when he came to work the next morning. Id. The police officer, assuming that he effectively had an arrest warrant, forcibly entered the defendant’s home to arrest the defendant early the next morning. Id. at 458. Later that day, a written arrest warrant was prepared but never signed. Id. at 457. The defendant moved to suppress all evidence obtained as a result of the arrest, and “the trial judge ruled . . . that the defendant’s arrest was unlawful because no valid warrant was obtained and the arrest was made in the defendant’s home under nonexigent circumstances." Id. at 458. The Supreme Judicial Court held that the trial judge had ruled “correctly.” Id. Implicit in this holding is that, even though the clerk/magistrate orally authorized the issuance of an arrest warrant and explicitly told the arresting officer that he should assume that an arrest warrant was in effect, the arrest warrant became valid only when it was actually issued and signed.3
This Court has considered and ultimately rejected three arguments that seek to save the arrest warrant in this case. First, the Commonwealth contends that Clerk’s Boyle’s initials on the Application for Complaint authorizing the issuance of an arrest warrant should be found by the court to constitute his signature on the actual arrest warrant and therefore satisfy the “formalities” required by G.L.c. 276, §22 and Mass.R.Crim.P. 6(b)(1). To examine this argument, it is important first to understand that Clerk Boyle, in the section labeled “Court Use Only” on the Application for Complaint, signed his initials to the right of the section entitled:
PROCESS TO ISSUE TYPE OF PROCESS
Sufficient evidence Warrant presented
Defendant failed Summons returnable to appear
indicating by his checkmarks that he had authorized process to issue because probable cause had been shown and that the process issued should be an arrest warrant rather than a summons. It is plain from its face, and was understood by all, including Clerk Boyle, that this Application for Complaint was not itself the arrest warrant, but simply the authorization to issue an arrest warrant. A separate document, entitled “Warrant,” was later prepared, which was unsigned, and the information in this arrest warrant was typed into the Warrant Management System by the case specialist. Mass.R.Crim.P. 6(b) states that “(a]n arrest warrant issued pursuant to this rule shall be signed by the official issuing it. . it does not state that the authorization of an arrest warrant must be signed. In short, the rule requires that the arrest warrant that is issued be signed by the issuing official, and the arrest warrant is plainly the document entitled “Warrant.” It is pure sophistry to contend, as the Commonwealth does in its brief, that the arrest warrant incorporates by reference the Clerk’s authorization for the issuance of the arrest warrant, like an affidavit that incorporates by reference attached police reports, and therefore should be treated as part of the arrest warrant itself.
Second, the Commonwealth emphasizes that the absence of a signature here was without practical consequence because Clerk Boyle’s initials authorizing the issuance of the arrest warrant left no doubt that a neutral authority had approved the issuance of the warrant. This argument fails on three independent fronts. First, in essence, the Commonwealth is arguing that the absence of a signature here was a mere formality, without substance. Even if it were, the fact of the matter is that the Massachusetts Legislature has mandated this formality and the Massachusetts Declaration of Rights expressly declares that “no war*495rant ought to be issued but in cases, and with the formalities prescribed by the laws.” Second, it is not accurate to contend that the signature requirement is without practical consequence. The issuing official’s signature on the warrant reflects both that the official has approved the arrest of the individual identified in the warrant, thereby leaving no doubt as to judicial authorization for the arrest, and that the content of the warrant — the identification of the defendant, the physical description of the defendant, and the crimes charged — has also been reviewed and approved. Since a clerical employee often prepares the warrant, as was the norm in the Malden District Court, the requirement of a signature provides assurance that a responsible judicial official has reviewed the work of the clerical employee and formally approved it. In short, the requirement of a signature avoids the risk of troubling questions of responsibility, accountability, and accuracy. Third, the absence of a signature on the arrest warrant here was not the result of an isolated error by a District Court clerk; it was the routine practice of the Malden District Court not to sign arrest warrants. If a court were to treat this as a ministerial error, it would essentially be authorizing judicial officers to ignore the statutory requirement that arrest warrants be signed.
Finally, this Court has considered an argument not presented by the Commonwealth but still worthy of being addressed — that the Legislature effectively abolished the requirement that arrest warrants be signed when it enacted G.L.c. 276, §23A, establishing the Warrant Management System. §23A provides in pertinent part:
All warrants appearing in the warrant management system shall be accessible through the criminal justice information system, maintained by the criminal history systems board, to law enforcement agencies and the registry of motor vehicles. The warrant shall consist of sufficient information electronically appearing in the warrant management system, and a printout of the electronic warrant from the criminal justice information shall constitute a true copy of the warrant.
G.L.c. 276, §23A. It is true that this statute declares that the arrest warrant consists of “sufficient information electronically appearing in the warrant management system,” and that the printout, as a matter of statute, is deemed a “true copy of the warrant.” It is equally true that this statute does not provide for any electronic signature to be inputted into the Warrant Management System, so the warrant in the System’s computer and the printout of that warrant contains no signature. Therefore, it is also true that the Legislature, by expressly declaring in §23A that the unsigned information electronically inputted into the Warrant Management System constitutes an arrest warrant, has effectively declared that a valid arrest warrant need not be signed. Arguably, then, §23A is in conflict with §22, which expressly adopts the requirement in Rule 6(b)(1) that an arrest warrant “shall be signed by the official issuing it.”
When a court is faced with a potential conflict between different statutes, the court must first attempt to reconcile the two statutes so as to effectuate the legislative purpose behind each. See Doliner v. Planning Board of Millis, 343 Mass. 1, 8 (1961) (when there are “several possibly conflicting statutory provisions,” court’s “duty is to reconcile these statutory provisions, if possible, so that they will accomplish harmoniously the legislative purpose so far as that can be ascertained”). See also Peters v. Michienzi, 385 Mass. 533, 537 (1982) (“It is an established rule of statutory construction that allegedly conflicting provisions of a statute should, if possible, be construed in a way that is harmonious and consistent with the legislative design”); Atlas Distributing Company v. Alcoholic Beverages Control Commission, 354 Mass. 408, 414 (1968) (when there is apparent contradiction within statute, court’s duty is “to interpret the statute, if possible, so ‘as to make it an effectual piece of legislation in harmony with common sense and sound reason’ ”), quoting Morrison v. Selectmen of Weymouth, 279 Mass. 486, 492 (1932).
Here, that reconciliation is rather elementary: §22 and Rule 6(b)(1) require that a paper arrest warrant be issued and signed by the issuing official, while §23A authorizes the creation of an unsigned electronic arrest warrant once the paper arrest warrant is issued and signed. This Court finds nothing in the language of §23A or its legislative purpose to suggest that the Legislature intended by its enactment to repeal the longstanding requirement that an arrest warrant be signed by the issuing judicial official. “Repeals of statutes by implication ‘have never been favored by our law. Unless the prior statute is so repugnant to and inconsistent with the later enactment that both cannot stand, then the former is not deemed to have been repealed.’ ” Emerson College v. Boston, 393 Mass. 303, 306 (1984), quoting Commonwealth v. Bloomberg, 302 Mass. 349, 352 (1939).
In conclusion, this Court finds that, as a matter of statute, the law requires that a valid paper arrest warrant must be issued and signed by the judicial official issuing it, and that, as a matter of Massachusetts constitutional law, an arrest warrant is valid only when it is issued “with the formalities prescribed by the laws.” The failure of the clerk here to sign the paper arrest warrant of the defendant, as required, means that the arrest warrant is void and invalid as a matter of Massachusetts constitutional law.
ORDER
For the reasons stated above, this Court finds that the failure of the clerk here to sign the arrest warrant of the defendant means, as a matter of Massachusetts constitutional law, that the arrest warrant is void and invalid.

The Fourth Amendment to the United States Constitution provides that “no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.” 4th Amendment, United States Constitution.
Article 14 of the Massachusetts Declaration of Rights declares:
EVery subject has a right to be secure from all unreasonable searches, and seizures, of his person, his houses, his papers, and all his possessions. All warrants, therefore, are contrary to this right, if the cause or foundation of them be not previously supported by oath or affirmation: and if the order in the warrant to a civil officer, to make search in suspected places, or to arrest one or more suspected persons, or to seize their property, be not accompanied with a special designation of the persons or objects of search, arrest, or seizure: and no warrant ought to be issued but in cases, and with the formalities prescribed by the laws.
Part 1, Art. 14, Massachusetts Declaration of Rights.

“It is by now firmly established that, in some circumstances, art. 14 affords greater protection against arbitrary government action than do the cognate provisions of the Fourth Amendment.” Jenkins v. Chief Justice of the District Court Department 416 Mass. 221, 229 n.16 (1993).

In the only other Massachusetts case cited by counsel and known to this Court in which an arrest warrant was not issued with “the formalities prescribed by law,” a Superior Court judge also held the arrest warrant to be invalid. In Commonwealth v. Alves, the Assistant Clerk Magistrate did not administer the police affiant an oath, did not sign the arrest warrant, and did not specifically recall whether he actually issued a warrant for the defendant’s arrest. 14 Mass. L. Rptr. 248, 2001 Mass.Super LEXIS 605, * 4 (November 21, 2001). Judge Ernest Murphy held that these could not fairly be characterized as “ministerial errors” and declared the arrest warrant invalid. Id. at *9-*20. Alves, of course, is properly distinguished from the case at bar because the arrest warrant here was supported by a sworn affidavit, there is no dispute that the Assistant Clerk approved the issuance of the arrest warrant, and the authorization of the arrest warrant was documented in writing by the Clerk when he signed his initials to that portion of the Application which indicates his finding of probable cause and his direction that a warrant shall issue. This case is similar to Alves only in that the arrest warrant itself was not signed. While Judge Murphy found that “Article 14 requires justices issuing warrants ... to sign the arrest warrant they issue pursuant to the laws of the Commonwealth,” id. at *15, he did not need to rest his ruling on this legal conclusion because the absence of a signature there was accompanied by actual uncertainty as to whether the clerk had issued the arrest warrant. Indeed, Judge Murphy noted the primary practical problem that can arise from the absence of a signature on the arrest warrant. “Unless there can be some evidence of a neutral consideration having been afforded an application for an arrest warrant, there can be no certainty that the warrant did not issue by circumvention of the statutory scheme." Id. at *13.