Based at least in part on evidence that was found during the execution of a search warrant, the defendant was indicted on various drug and weapons charges. Following a nonevidentiary hearing, a Superior Court judge allowed the defendant's motion to suppress such evidence because of procedural infirmities in the issuance of the warrant. With approval from a single justice of the Supreme Judicial Court, the Commonwealth filed an interlocutory appeal.[2] For the reasons set forth here, we vacate the order allowing the motion to suppress and remand for further proceedings.
Background. On July 6, 2017, Trooper Patrick McStay applied for a warrant to search the defendant's residence for evidence that he was engaged in the distribution of illegal firearms and narcotics. Trooper McStay filed that application in District Court using a preprinted form. He signed the form in the prescribed signature block, thereby attesting that he was signing it "under the penalties of perjury." There is a separate signature block on the form for a justice, clerk-magistrate, or assistant clerk to attest that the person executing the application had "sworn and subscribed to [the application] before me." Such an attestation is commonly known as a "jurat." See Di Fruscio v. New Amsterdam Cas. Co., 353 Mass. 360, 361 (1967). An assistant clerk issued the requested warrant but did not sign the jurat on the application.
The application recited that it was accompanied by a six-page affidavit that is "incorporated herein by reference." That affidavit consisted of six pages of typed text. On a seventh page, there is a signature block -- which Trooper McStay signed -- reciting that "[t]his affidavit is signed under the pains and penalties of perjury" and that "[t]his affidavit subscribed and sworn to by me consists of 6 pages." Below that signature block was another jurat for the issuing official to attest that the affiant (Trooper McStay) had "personally appeared" before the official and had "made oath that the foregoing affidavit by him subscribed is true." The assistant clerk who issued the search warrant did not sign this jurat either.
In executing the warrant at the defendant's alleged residence, the police found various items of potentially incriminating evidence including packaged tan and white substances, a large bag of green vegetable matter, a scale, baggies, an apparent loaded firearm, two cellular telephones, and $17,085 in cash. The defendant filed a motion to suppress that evidence on numerous grounds, including the absence of signed jurats on the application and the affidavit.[3]
The Commonwealth filed a memorandum in opposition to the defendant's motion. Attached to that memorandum was a letter from the assistant clerk seeking to explain that while he did not sign the jurats, Trooper McStay did in fact appear before him prior to the assistant clerk reviewing the application and issuing the warrant. The Commonwealth's memorandum did not specifically request an evidentiary hearing on the defendant's motion. However, it did point out that the court could hold such a hearing pursuant to the case law that addresses procedural infirmities in search warrants, and it offered to "present Trooper McStay and [the] assistant [c]lerk [who issued the warrant] as witnesses at any future evidentiary hearing that the Court might deem necessary." When the motion to suppress eventually was called, both sides indicated to the judge that they did not need to be heard and that they were willing to rely solely on their submitted memoranda and other "paperwork." In fact, both counsel specifically were asked (twice) whether the motion was "a four-corner," and both responded in the affirmative.
The judge allowed the motion to suppress based on the unsigned jurats (without addressing the defendant's other grounds, see note 2, supra ). She rejected the Commonwealth's argument that the after-the-fact letter from the assistant clerk cured the problem, concluding that the validity of the search warrant had to be resolved within the four corners of the search warrant application and accompanying affidavit. The Commonwealth filed a motion for reconsideration, which the judge denied.[4] This appeal followed.
Discussion. Because the jurats on the search warrant application and the affidavit were left unsigned, the process through which the search warrant here was issued did not comport with the strict requirements set forth in G. L. c. 276, § 2B. In turn, this constituted a violation of art. 14 of the Massachusetts Declaration of Rights, which states that "no warrant ought to be issued but in cases, and with the formalities proscribed by the laws." See Commonwealth v. Nelson, 460 Mass. 564, 570 (2011). However, the existence of a constitutional infirmity does not mean that suppression therefore necessarily is required. See Commonwealth v. Sheppard, 394 Mass. 381, 389-391 (1985) (violation of particularity requirement did not mandate exclusion of the evidence where the infirmity did not lead to a general search). In cases where the Commonwealth can demonstrate that the person applying for the warrant and the issuing official complied in substance with required procedures but failed to document such compliance in the correct way, such infirmities are deemed ministerial errors that do not require suppression. See Commonwealth v. Pellegrini, 405 Mass. 86, 88 (1989) (where evidence showed that judge approved search warrant, his failure to sign it did not mandate suppression). In assessing what transpired during the process through which the search warrant was obtained, judges are free to consider evidence outside the four corners of the application and affidavit. See Nelson, supra at 569-573. Contrast Commonwealth v. Dorelas, 473 Mass. 496, 500-501 (2016) (in considering whether search warrant is supported by probable cause, judges are confined to four corners of affidavit).
In the case before us, the key factual question is whether Trooper McStay in fact personally appeared before the assistant clerk and swore before him to the underlying facts after having been supplied the requisite oaths. If so, then the failure by the assistant clerk to sign the jurats would be a mere ministerial error, and suppression would not be required. In concluding that her review of this question was confined to the four corners of the application and affidavit, the judge erred as a matter of law. In fairness to the judge, we note that she was misled on this point of law by both parties, who indicated orally that this was "a four-corner" motion. However, the memorandum of law on which the Commonwealth rested, as well as the Commonwealth's having submitted the after-the-fact letter from the assistant clerk, indicate that the Commonwealth was not taking the position that the judge's review was confined to the four corners of the application and affidavit.[5]
The Commonwealth argues on appeal that the documentary record establishes that Trooper McStay not only personally appeared before the assistant clerk, but also was administered the requisite oaths before him. See Commonwealth v. Snow, 363 Mass. 778, 785-786 (1973) (suppression not required where "[t]he only possible reasonable conclusion which [could] be drawn from a reading of the ... affidavit" was that the affiant, "as required by [c. 276,] § 2B, as amended, appeared before the court clerk and swore that the allegations by him subscribed were true"). We are unpersuaded. See Commonwealth v. Dozier, 5 Mass. App. Ct. 865, 865-866 (1977) (distinguishing Snow, supra ). Indeed, the assistant clerk's after-the-fact letter seeking to explain what happened -- which, in any event, was unsworn -- does not specifically address whether he administered oaths to Trooper McStay, and instead asserts merely that the trooper had "appeared before [him]." Only an evidentiary hearing will be able to resolve what occurred here.
For these reasons, we vacate the order allowing the defendant's motion to suppress and remand this matter to the Superior Court for further proceedings consistent with this memorandum and order.[6]
So ordered.
Vacated and remanded

The single justice knowingly allowed the interlocutory appeal to proceed even though it was late. We discern no merit in the defendant's argument that the appeal is not properly before us.

The defendant additionally argued that the affidavit did not establish probable cause or a nexus to the residence, that there were other procedural defects in the application and approval process, that the information included in the affidavit was too general and stale, that the warrant did not satisfy the particularity requirement, and that the search exceeded the scope of authority provided by the warrant.

In the motion for reconsideration, the Commonwealth argued that the judge's ruling was inconsistent with a particular unpublished memorandum and order from a panel of this court. In denying that motion, the judge pointed out -- accurately -- that the unpublished case was distinguishable from this one.

It is not clear if the special prosecutor simply misspoke at the motion hearing or instead was trying to communicate his view that the judge could rule in the Commonwealth's favor based on the four corners of the available documents, including the letter from the assistant clerk. When asked at oral argument how he could square the fact that he had represented to the judge -- twice -- that this was a "four-corner" motion, the special prosecutor (who also argued the appeal) stated that he had been "incorrect" in saying that.

Of course, in the event that the judge were to conclude that the procedural infirmities in the warrant application were only ministerial errors, the defendant would be entitled to have his additional legal grounds considered.